HENRY HEWITT, Respondent.

*vs.*

THE TOWN OF GRAND CHUTE, Appellant.

APPEAL FROM THE ONTAGAMIE CIRCUIT COURT.

The code of procedure has wrought an entire change in the mode of pleading in cases founded upon a private statute.

By section 69 of the code in setting out a cause of action founded upon a private statute, it is sufficient to refer to the statute by its title and the day of its passage.

In an action founded upon a private statute, when the plaintiff refers to it by its title and the date of its passage, he thereby brings the whole statute within the judicial cognizance of the court; and is relieved from setting out its provisions in detail, on which his right may be founded, whether or not the pleader may set out one or more of its particular provisions and omits to set out other provisions, or the whole statute.

When a private statute is pleaded by its title and *day of its passage*, and the cause of action founded thereon, the complaint must contain all the averments necessary to bring it within the requirements of such statute.

By such reference to a private statute on which the cause of action is founded, the whole statute becomes *pro hac vice* a part of the complaint.

The whole of a private statute, pleaded by its title and day of its passage, is brought before the court, and if the complaint does not contain the necessary averments to meet the requirements of the statute, the defect may be taken advantage of by demurrer.

Where the act of the legislature authorized any one town (among others, mentioned therein) to subscribe such amount to the capital stock of a certain plank road, not exceeding $10,000, as may be declared by the board of directors of the company necessary for the completion of the road, at the time of such subscription: it was held that the declaration of such necessary amount by the board of directors, was essential to the determination of the amount necessary to be subscribed.

The complaint in this case is stated in substance as follows: That the said defendant, an organized town of the said county of Outagamie, by an Act of of the Legislature of the State of

Hewitt vs. The Town of Grand Chute.

Wisconsin, approved on the 10th day of February, A. D. 1854 entitled "An Act to authorize the towns therein named to subscribe for Plank Road Stock," was authorized, under the conditions and restrictions therein named, to subscribe through the Board of Supervisors thereof, to the capital stock of the Wolf River Branch of the Winnebago Lake & Fox River Plank Road Company—a corporation doing business in said county of Outagamie—and to pay for such subscription in bonds of the said town, payable in fifteen years from their date, with interest at a rate not exceeding ten per cent. per annum, payable annually at a place to be therein named. And said plaintiff further avers that the conditions and restrictions, in the said act contained, are that said town should subscribe no more than ten thousand dollars to such stock; and that no bonds should be issued by said defendant to the said company, unless a majority of the votes cast in said town, at the election provided and mentioned in said Act, should be in favor of the same. And the said plaintiff avers, that the defendant did, on the 29th day of January, A. D. 1855, by Theodore Conkey, thereto duly authorized and empowered, as chairman of the board of supervisors, of said town, subscribe to the capital stock of the company, named in said act, under the name of the Wolf River Branch Plank Road Company, the sum of ten thousand dollars, and did receive therefor certificates of stock on said company for the same amount. And the plaintiff further shows, that an election was duly held, as required by said act, in the said town, on the 20th day of May, A. D. 1854; that said election was held, conducted, and the votes cast thereat canvassed, in all respects as required by said act; and that at such election, a majority of the votes in said town, upon said question, was in favor of said subscription and of the issuing of bonds in payment of the same.

. And the plaintiff further shows that, by an act of the Legis-

lature of the said State, approved on the 21st day of February, A. D. 1854, entitled "An Act to amend an Act entitled 'An Act to incorporate the Winnebago Lake and Fox River Plank Road Company,' and to create the Wolf River Branch Plank Road Company," the said Wolf River Branch Plank Road Company, was made a separate and distinct corporation, under the name of " the president and directors of the Wolf River Branch Plank Road Company," and the stock therein was declared to be the stock of the Wolf River Branch Plank Road Company.

And the plaintiff further shows that, on the 12th day of March, A. D. 1855, the said defendant by Theodore Conkey, the chairman of said board, thereto duly authorized by said board in consideration of the certificates of stock of said company for the said amount, delivered to said town aforesaid, did make, execute and deliver to the said Plank Road Company, by virtue of the authority of said act and of the said proceedings thereunder had, in part payment of such subscription, the certain written bond of said defendant, sealed with the corporate seal, signed by said Conkey as such Chairman, and bearing date on the day last aforesaid, by which the said defendant acknowledges itself to be held and firmly bound unto the said Wolf River Branch Plank Road Company, or bearer, in the sum of one thousand dollars, to be paid to the said company, or bearer, or to their successors or assigns ; which said bond was upon condition that if the said town should pay or cause to be paid to said company, or their successors of assigns, or to the bearer of said bond, the just and full sum of one thousand dollars in fifteen years from the date thereof, with interest annually, until paid, at the rate of ten per cent. per annum, then the said bond to be void, otherwise of force.

And the said plaintiff further avers, that for a valuable consideration by him paid to the aforesaid company, they, the

said company, did sell, convey and deliver the said bond to him the said plaintiff.

Then follows an averment of the execution, delivery and assignment of seven other bonds for $1000 each, and two for $500 each, dated, executed, described and conditioned precisely like the last, constituting in all ten causes of action.

Then comes the following averment, and demand of judgment: " And the plaintiff further says, that he is now the lawful owner and holder of the said several bonds; and that the said defendant has not paid the interest which has accrued on the said several bonds, or any part thereof, but is now justly indebted to the plaintiff therefor, in the several sums of two hundred dollars, on each of the said bonds mentioned in the first, second, third, fourth, fifth, sixth, seventh and eighth of the said causes of action, and in the sum of one hundred dollars on each of the said bonds mentioned in the ninth and tenth of said causes of action; which said several sums amount in the aggregate to the sum of eighteen hundred dollars.

" Wherefor the plaintiff demands judgment against the said defendant for the said sum of eighteen hundred dollars, together with the costs of this action."

To which complaint the defendant interposed a demurrer, as follows: The defendant demurs to the complaint of the plaintiff in this action, for that it appears on the face thereof, that the same does not state facts sufficient to constitute a cause of action. And the said defendant further specifies for grounds of objection to said complaint.

1. That it does not appear whether any or what amount was declared by the board of directors of the Wolf River Branch of the Winnebago Lake and Fox River Plank Road Company, necessary for the completion of said road, at the time of the subscription to the capital stock mentioned in said complaint, as required by said act of February 10, 1854.

2. It does not appear that the capital stock mentioned in said complaint was subscribed in behalf of said defendant, by the board of supervisors, of said town, as required by said act of February 10, 1854, but that the same was subscribed by the chairman of said board.

3. It does not appear that the bonds, mentioned in said complaint, were issued by the board of supervisors of said town, as was required by said act of February 10, 1854, but that the same were issued by the chairman of said board.

4. It does not appear whether the bonds, or the interest thereon, mentioned in said complaint, were made payable at any, or what place, within or without the boundaries of this State, as by said act of February 10, 1854, they should have been.

5. It does not appear that the said defendant ever acknowledged any indebtedness, or issued any bonds to the company named in said act of February 10, 1854.

6. It does not appear that the company mentioned in said act of February 10, 1854, or any person or corporation owning, or having lawful right to the said bonds, ever received the same, or ever sold or assigned them to the plaintiff.

The demurrer was duly noticed for argument at the December special term of said court, A. D. 1857, and at said term, on the 9th day of December, 1857; the following order was made by the court and entered: " On reading and filing demurrer in this cause, and hearing counsel thereon, it is ordered that the said demurrer be overruled ; that said defendants have thirty days herefrom to answer said complaint, upon first paying the costs of said demurrer to be taxed, and ten dollars in addition."

The reasons assigned by the court for overruling the demurrer, were as follows: That because the act of the Legislature, approved February 10, 1854, was not merely pleaded by its title, but a *part of its contents was set out* in the com-

plaint, the court could not take judicial notice of it under § 69 of the code of procedure; but any objection to the complaint, founded on provisions of the act not set out in the complaint, must be taken by *answer* and not by demurrer. That it was not necessary that the "Board of Supervisors, of the town of Grand Chute," should themselves exercise the power and discretion entrusted to them by the act of February 10, 1854, but that they might *delegate their authority to one of their number or to a stranger.* That it was not necessary to the validity of the bonds in question that any place should be named, within or without the State, at which interest or principal thereon should be payable. That it did appear by the complaint that the company, to which the bonds were issued, was the same company mentioned in the act of February 10, 1854. That it did appear by the complaint that "the said bonds were duly assigned to the plaintiff.

From this order and from every part thereof, the defendant duly appealed.

*P. H. Smith and G. Bouck,* for the Appellant.

1. It is insisted by the appellant, therefore, that the private statute being brought to the judicial notice of the court by a reference to its title and the day of its passage, is for all purposes of the action a public law, and that the pleadings are thereupon in all respects subject to the same rules that govern in case of general laws. And hence, that the omission to aver the performance of a condition precedent should be taken advantage of by *demurrer,* and not by answer.

2. That this rule prevails notwithstanding the party may set forth a part of the statute so referred to. How absurd it is, and how entirely it defeats the intention of the law, to declare that if the plaintiff after pleading a private statute by *its title,* shall mention a single clause of the act so pleaded, that mention shall remove from the judicial notice of the court all pro-

visions of the act which *do not make for the plaintiff*, and compel the defendant to spread all the other provisions of the act on the record by way of answer. Nothing is gained to the plaintiff by putting the defendant to his answer. No injury can result to either party by the court taking judicial notice of the whole statute. The question is, whether the law shall be construed so as to simplify and abreviate, or the contrary.

3. Even if the court could not take judicial notice of the statute in this case, the plaintiff, by averring that the defendant was authorized, under the conditions and restrictions therein named, &c., thereby made all those conditions and restrictions a part of his complaint, and failing to aver facts sufficient to make out his case, in view of those conditions and restrictions, the defendant's remedy was by demurrer.

2. Conkey, as chairman, had no power to subscribe for the stock under the resolutions of the board. Story on Agency, § 13, 42; Angell & Ames on corporations, § 277; *Batty vs. Carswell*, 2 John., 48; *Nixon vs. Hyserott*, 5 John., 58; *Lyon vs. Jerome*, 26 Wend., 48; *Inhabitants of town of Sharon vs. Baker & Vose*, 4 Mass. 522; *Gilles vs. Bailey*, 1 Foster (C) 15; Angel & Ames on corporations, 300, and with orders referred to.

3. It was committed to the judgment and discretion of the board to determine at what place within or without the boundaries of this State, the bonds should be made payable, and the place so determined should, in pursuance of the authority, have been named in the bonds.

In making provision for the payment of the bonds, it is certainly material to the town to know at what place they are to be met.

*James H. Howe*, for the Respondent.
The ground of demurrer is first stated in the demurrer itself,

and does not appear at all in the complaint;—it is a speaking demurrer. To have availed himself of this objection, the appellant should have set up the rest of the statute by, and have claimed the benefit of the objection in, an answer.

Under the former system of pleading, a public act could be pleaded by a simple reference to it ; a private act must be set out in the pleading, either in the whole, or such parts as the pleader deemed material ; if a material part was omitted, the opposite party could take advantage of it under the plea of *nul tiel record.* 1 Ch., Pl. 216. Section 69 of the Code of Procedure, simply enables a party to plead a private act, by reference to its title—it shall be " sufficient" to so plead it— and when so pleaded, the whole statute is before the court as a part of the pleading. But it is still the right of a pleader to set forth only such parts as he deems material.

Should the court, however, not sustain this view of the demurrer, still it is not well taken, because if any declaration by the Board of Directors of the amount necessary to complete the road, is necessary as a condition precedent to the issuing of the bonds, the receiving the subscription to the stock, and the issuing of the stock are sufficient. The statute does not specify the manner in which this declaration should be made, nor how it should be evidenced ; it could not be done in a more effective manner than by issuing their stock, and thus creating a liability to a corresponding amount.

The act does not point out any way in which the amount required to construct the road should be apportioned among the different towns named in the act. The amount to be required of the appellant must depend upon the amount actually furnished by the other towns. There are two limitations : first, the amount $10,000—second, the amount required to complete the road. The second amount could by no possibility be determined until the actual construction of the road ; if then it should be found that any town had issued more than was re-

quired, upon a return of the stock to the company the bonds might be cancelled—or if they had passed into the hands of innocent purchasers, an action might be sustained against the company.

But no declaration was necessary as a condition precedent to the issuing of the bonds. If more bonds were issued than was actually required to complete the road, that fact might be a good defence to the excess of the issue. The passage of the act—the subscription and issue of the stock—all show that, in the opinion of the company, some assistance from the town was required. The fact, if it exists, that more bonds were issued than were necessary, can avail the town only as a defence to such a portion of the town obligations, as were unnecessarily incurred.

In this case, the majority of the legal voters of the town must and did determine in the first instance, that the subscription should be made, and the bonds should be issued ; it then only remained for the board of supervisors to give effect to this decision of their constituents, to perform the ministerial duties of executing the subscription and signing the bonds ; this they " duly authorized" their chairman to do. There was no discretionary power delegated or attempted to be delegated to him ; there was no exercise of his judgment by which the towns were to be governed, instead of the judgment of the whole board. All the cases recognise the distinction between the delegation of a discretionary power and a ministerial one. *Lyon vs. Jerome*, 26 Wend., 485 and 494 ; *King vs. Gransend*, 9 E. C. L. R. 195; *Ex parte Conway*, 4 Pick. 359; 11 Mass. 292; *Palmer vs. Yates*, 3 Sand. 137, 147.

Again; the board of supervisors must be held to have affirmed and adopted the act of the chairman, by receiving the stock in exchange for the bonds. *See Bank of U. S. vs. Danbridge*, 12 Wheat. 83 ; Angel & Ames on Cor. 315, and cases there cited ; *New England Marine Ins. Co. vs. DeWolf*,

8 Pick. 56 ; *Palmer vs. Yates,* 3 Sand. 148 ; *City of Detroit vs. Jackson,* 1 Doug. 106 ; *Conover vs. Ins. Co.,* 1 Comst. 290.

*By the Court,* SMITH, J. This is an appeal from the Outa-gamie circuit court, from an order overruling a demurrer to the plaintiff's complaint.

The complaint alleges that the defendant, an organized town of the county of Outagamie, by an act of the legislature of the State of Wisconsin, approved on the 10th day of February, A. D. 1854, entitled "An act to authorize the towns therein named to subscribe for Plank Road stock," was authorized, *under the conditions and restrictions therein named,* to subscribe through the board of supervisors thereof, to the capital stock of the Wolf River Branch of the Winnebago Lake and Fox River Plank Road Company, a corporation *doing business in said county of Outagamie, and to pay for* such subscription in bonds of the said town, payable fifteen years from their date, with interest at a rate not exceeding ten per centum per annum, payable annually at a place to be therein named." And the said plaintiff further avers that the conditions and restrictions in the said act contained are, that the said town should subscribe not more than ten thousand dollars to such stock, and that no bonds should be issued by said defendant to the said company, unless a majority of the votes cast in said town at the election provided and mentioned in said act should be in favor of the same. And the said plaintiff avers, that the defendant did, on the 29th day of January, 1855, by Theodore Conkey, thereto duly authorized and empowed, as chairman of the board of supervisors of said town, subscribe to the capital stock of the company named in said act, under the name of the Wolf River Branch Plank Road Company, the sum of ten thousand dollars, and did receive therefor, certificates of stock on said company for

the same amount. And the plaintiff shows that an election was duly held, as required by said act, in the said town, on the 20th day of May, 1854; that said election was held and conducted, and the votes cast thereat canvassed in all respects, as required by said act; and that at such election a majority of the votes in said town upon said question, was in favor of said subscription, and of the issuing of bonds in payment for the same.

The complaint then avers the issuing of eight bonds for one thousand dollars each, and two other bonds for five hundred dollars each, to the said company in consideration of certificates of stock of said company for the same amount, by Theodore Conkey, chairman of said Board of Supervisors, being thereto duly authorized, sealed with the corporate seal and signed by said Conkey as chairman, and conditioned for the payment of the respective sums named in each, in fifteen years from date, with interest at the rate of ten per centum per annum.

There is also an averment of the sale and delivery of the said bonds by the company to the plaintiff, and an averment that there is due the sum of —— for interest due upon each of said bonds amounting in all to the sum of eighteen hundred dollars.

To this complaint the defendant demurred, assigning several causes among which, necessary to be noticed are the following:

1. It appears on the face of the complaint that the same does not state facts sufficient to constitute a cause of action.

2. It does not appear whether any or what amount was declared by the board of directors of the Wolf River Branch of the Winnebago Lake and Fox River Plank Road Company, necessary for the completion of said road, at the time of the subscription to the capital stock mentioned in said complaint, as required by said act of February 10th, 1854.

3. The subscription was by the chairman and not by the board of Supervisors.

There were other causes for demurrer specified, but we do not feel called upon to discuss them, as those above named meet the substantial objections to the plaintiff's recovery upon the case made by the complaint. We shall consider them in their order.

In regard to the first and second causes of demurrer alleged, viz: that the complaint does not state facts sufficient to constitute a cause of action, it must be observed that the Code of procedure has wrought an entire change in the mode of pleading in cases of this kind. The cause of action is founded upon a private statute, or rather upon certain instruments or contracts in writing which derive their validity from such private statute. By the common law it was necessary to set out such statute in the declaration, otherwise the court would not take notice of its provisions; unlike in this respect a public statute, of which the court was bound to take judicial notice though the latter were not pleaded. But section 69 of the Code of procedure provides as follows: "In pleading a private statute, *or a right derived therefrom,* it shall be sufficient to refer to such statute by its title and the day of its passage, *and the court shall thereupon take judicial notice thereof.*

In this case, the plaintiff, in his complaint, did refer to the statute from which his right was derived, by reference to its title and the day of its passage; and he thus brought the whole *statute* within the judicial knowledge of the court, thus making it the duty of the court to compare the allegations of the complaint *with the* provisions of the statute in order to ascertain whether he was therefrom entitled to the relief thereby contemplated.

We think that the intention of the legislature in the adoption of this provision was to relieve the party pleading from setting out in detail the provision of the private statute on

which his claim was founded, and to enable him, by a refer-
ence to its title and the day of its passage, to bring the whole
statute, with all its details, within the judicial knowledge of
the court. It certainly could not have been their intention,
to enable the party relying upon a private statute, to refer to
it by its date of passage and title, thereby bringing the whole
statute to the judicial cognizance of the court, and then by
express reference to some of its particular provisions to ex-
clude such judicial cognizance from all parts of such statute,
except those which had been so specially set out. On the
contrary, we are satisfied that when the pleader refers to the
private statute on which his claim is founded, or from which
it is derived, by the date of its passage and its title, the whole
statute from thence is brought within the judicial knowledge
of the court, and it must be considered in determining the
rights of the parties, whether or not the pleader shall see fit
to set out in his pleading one or more of its particular provi-
sions. The statute being thus pleaded by its date and title, it
is necessary that the complaint shall contain all the averments
necessary to bring the cause of action therein contained with-
in the requirements of the statute, whether such requirements
are mentioned in the complaint or not. The statute thus be-
comes a part of the complaint. And we are also of the opin-
ion that the whole statute so referred to by its title and date
of passage, if the complaint does not contain the necessary
averments to meet the requirements of the statute, whether
mentioned or not in the pleading, is before the court, and the
defects in the pleading, so far as they are disclosed by the
statute, may be taken advantage of by demurrer, although
some of the provisions of the statute may have been set out
in the pleading demurred to, and others omitted.

It follows, therefore, that the whole of the act of February
18th, 1854, was before the court, and it was necessary for the
complaint to contain all the averments necessary to bring the

action of the town officers within the authority prescribed by that act, according to its essential provisions.

Section 1 of chapter 40 as aforesaid, authorizes the towns therein named, under the conditions and restrictions therein after named, to subscribe, &c.; "for such amounts not exceeding ten thousand dollars for any one town, *as may be declared by the board of directors of said company, necessary for the completion of said road at the time of such subscription.*" It is obvious that the declaration by the board of directors of the amount necessary is indispensable to the determination of the amount to be subscribed. The town is not authorized to subscribe any other sum (less than ten thousand dollars) than such amounts as the board shall have declared necessary for the completion of the road. It is therefore necessary that the complaint should contain an averment of such declaration by the board of directors. This the complaint omits to do, and *in that respect is substantially defective.* This disposes of the first and second causes of demurrer herein noticed.

As to the third cause assigned, we are of the opinion that the supervisors of the town could direct their chairman, as their organ, to write the subscription. They did this by resolution, duly passed, and then he became the mere organ of the board. It was not his act, but essentially the act of all of them.

For the reasons before given, the order of the circuit court must be reversed and cause remanded, with directions that the demurrer be sustained, and that further proceedings be had therein according to law.

Order reversed.