## VEEDER vs. TOWN OF LIMA.

APPEAL FROM CIRCUIT COURT, CALUMET COUNTY.

Heard January 19.]                    [Decided June 4, 1860.

### Pleadings.

In an action to recover upon a coupon attached to a bond, issued by a town, the complaint set out the bond and coupon in *hæc verba*, averred non-payment, &c.: *Held*, that such complaint stated facts sufficient to constitute a cause of action.

An action upon a money bond, and coupon attached, issued by a town, is founded
upon an instrument for the payment of money only, and may be so declared on.
*Hewitt vs. Town of Grand Chute*, 7 Wis., 282, considered and distinguished.

This action was commenced to recover the amount of a coupon of $100, being the interest due upon a bond issued by the town of Lima, to aid in the construction of the Taycheeda and Green Bay Plank Road, and made payable at the Bank of Fond du Lac. The complaint is in the usual form, upon a money demand, and the bond and coupon are copied at length in the complaint. The defendant demurred, and the court sustained the demurrer. From the judgment entered thereon, the plaintiff appealed.

*B. S. Doty*, for the appellant, in support of the correctness of the complaint, cited, Code, sec. 68 ; *Slack vs. Heath*, 1 Abb., 331 ; 15 N. Y., 425 ; Western Law Monthly, Jan., 1859, 17 ; *McCoy vs. County of Washington*, 7 Am. Law. Reg., 193 ; Act of March 22, 1854 ; R. S. Wis., 83, § 25, sub. 2 ; id., 82, § 12.

*Jas. H. Howe*, for the defendant, to the same point cited, Code, § 68 ; id., § 47 ; 4 Sand., 696 ; 1 Duer, 601 ; *Hewett vs. Town of Grand Chute*, 7 Wis., 282.

*By the Court*, COLE, J. The complaint in this case alleges the making of a certain bond by the respondent, on the 20th day of December, 1855 ; and also a coupon attached to the bond ; sets out the bond and coupon in *hæc verba ;* avers that the appellant is the owner of the coupon, and that the same has not been paid ; and that the respondent is indebted to the appellant thereon in the 'sum of one hundred dollars, for which he demands judgment.

The complaint was demurred to, on the ground that it did not state facts sufficient to constitute a cause of action, and the following objections were specifically taken to the complaint : 1st, that it did not appear therefrom, that the supervisors of the town of Lima had any legal authority to make and issue the bond, or the coupon therein set forth ; 2d, that it did not appear therefrom that the said Hart and Van Wie

were supervisors, or that said Ballou was town clerk of the town of Lima at the time said bond and coupon are therein alleged to have been made; 3d, that it did not appear therefrom that the town of Lima had any authority to issue the bond or coupon set forth.

This complaint was undoubtedly drawn with reference to the latter clause of section 68 of the Code. Section 24, chap. 125, R. S., contains the same provision, which declares that in an action or defense founded upon an instrument for the payment of money only, it shall be sufficient for the party to give a copy of the instrument, and to state that there is due to him thereon, from the adverse party, a specified sum, which he claims. There can be no doubt but the instrument declared on here, is for the payment of money only; and if any effect is given to the above provision of the Code, we cannot see how the demurrer in this case can be sustained. The language is clear and explicit, that it shall be sufficient to give a copy of the instrument, and state that there is due thereon to the plaintiff a specified sum, which he claims. This is the construction placed upon this provision by the court of appeals, in New York, and we have no doubt but it is the correct construction. *Prindle vs. Caruthers,* 15 N. Y., 425; *Ketellas vs. Meyers,* 19 id., 231.

We do not consider the decision of *Hewitt vs. The Town of Grand Chute,* 7 Wis., 282, referred to upon the argument by the counsel for the respondent, as applicable to this case. There the plaintiff did not give a copy of the instrument in the complaint, but attempted to state the facts showing the performance of all conditions precedent to the issuing of the bonds sued upon, and because the complaint did not allege the performance of a condition which was indispensible to authorize the town to make the subscription and issue the bonds, we held the same bad on demurrer. We think the demurrer in this case should not have been sustained.

The order of the circuit court sustaining the demurrer is reversed, and the cause remanded for further proceedings, according to law.

