# NEW YORK SUPERIOR COURT.

## The Butchers' & Drovers' Bank agt. Frederick Jacobson and others.

Where the *complaint* was drawn strictly under § 162 of the Code, which alleged an amount due to the plaintiffs from the defendants on a written instrument. Then followed a copy of a promissory note, signed by the defendants, for $3000, dated March 9, 1860, payable six months after date to the order of the makers, and by them indorsed in blank. A demand for judgment for the amount against the defendants,

*Held, sufficient,* under the decision of *Prindle* agt. *Caruthers*, (15 *N. Y. R.*, 425.)

*April General Term*, 1862.

*Before* Bosworth, Ch. J., Barbour and Monell, J. J.

*Argued April* 14, 1862. *decided April* 26, 1862.

Appeal from an order at special term, overruling a de-

murrer to the complaint, and directing judgment for the plaintiffs.

The complaint is drawn under section 162 of the Code, and alleges an amount due to the plaintiffs from the defendants on a written instrument. Then follows a copy of a promissory note, signed by the defendants for $3000, dated March 9, 1860, payable six months after date to the order of the makers, and by them endorsed in blank. A demand for judgment for the amount against the defendants.

W. B. LEEDS, *for defendants.*
C. BAINBRIDGE SMITH, *for plaintiffs.*

By the court, MONELL, Justice. I cannot distinguish this case, in principle, from *Prindle* agt. *Caruthers*, (15 *N. Y. R.*, 425,) which has since been followed by this court in *Price* agt. *McClave*, decided by the general term in December, 1860.

In *Prindle* agt. *Caruthers*, the complaint contained little if anything more than is contained in the complaint in this case. It did, however, allege that the defendant made the contract. There is no such allegation in this complaint. But looking at the section of the Code under which this complaint was drawn, in a spirit of liberal construction, with the light shed upon it by the court in *Prindle* agt. *Caruthers*, I cannot believe the legislature intended to give to it any other effect than its plain, unequivocal language imports. There is no doubt the legislature can prescribe the forms of pleading, and they can dispense with forms altogether. They can declare what shall be sufficient, and when they have declared that " *it shall be sufficient* for the party to give a copy of the instrument, and state that there is due to him thereon from the adverse party, a specified sum which he claims," it leaves no room for doubt that they intended to allow this seemingly informal and incomplete mode of pleading. In enacting the Code, it was designed to, as it does in terms, abolish all the forms of pleading as theretofore existing, and to allow such only as are

therein prescribed. (*Code*, § 140.) In following those forms, the pleader is protected by an authority higher than the courts, and in my judgment, it is better to partake of the spirit of reform which the Code professes to have worked in the system of pleading, than by caviling to interrupt its harmonious action. I cannot entertain a doubt that the complaint in this action was perfectly intelligible to the defendants; and that without the aid of lawyers, they fully understood what they were sued for. Indeed, it was more apparent to their comprehension than if its meaning had been covered up and concealed under the useles verbiage of the old forms.

The complaint, we think, contained a sufficient statement of the cause of action; and it being upon an instrument for the payment of money only, was strictly within section 162 of the Code, and both upon reason and authority must be sustained.

The order appealed from must be affirmed with costs.