## STRUNK VS. SMITH and another.

PLEADING: PROMISSORY NOTE. (1) *Statutory rule as to complaint on promissory note.* (2) *Case stated; rule applied.* (3) *Questions reserved.* (4) *Indorsement construed.*

1. Under our statute (R. S., ch. 125, sec. 24; Tay. Stats., 1443, § 26), the complaint in an action upon an instrument for the payment of money only must be held sufficient if it contains a copy of the instrument, and states that there is due the plaintiff thereon from the adverse party a specified sum, which plaintiff claims.

2. The complaint in this case (against H. L. and S. W. Smith) contains a copy of a promissory note, payable to the order of H. L. and S. W. Smith, signed "CLOW REAPER M'F'G Co., S. B. SMITH, Sec'y." It then alleges "that the back of said note has upon it the following indorsements: 'H. L. SMITH,' 'S. W. SMITH ;' also, "We, for value received, hereby waive demand of payment, protest and notice thereof, of the within note. H. L. SMITH, S. W. SMITH.' 'Without recourse,' 'DANIEL CLOW,' in the order in which they are written herein." It further alleges, *inter alia*, that there is now due plaintiff thereon, from defendants, a specified sum, for which judgment is demanded. It *does not allege* anything as to the legal existence of the " Clow M'f'g Co.;" nor that the note was ever delivered to any one; nor that there was any consideration for it, or for the indorsements. *Held*, that the complaint is sufficient, under the statute.

3. Whether averments of demand of payment, protest and notice thereof, would have been necessary if the defendants had not expressly waived those acts, is not here determined.

4. The words "without recourse," on the back of the note, are construed as relating solely to the indorsement of Daniel Clow.

APPEAL from the Circuit Court for *Rock* County.

This appeal was from an order overruling a demurrer to the complaint. The complaint and demurrer are as follows:

"The above named plaintiff says that this action is founded upon a written instrument for the payment of money only, to wit: a promissory note, of which the following is a copy:

"'$2,702.33.          JANESVILLE, Wis., Nov. 18, 1871.

"'Two years and four months after date, value received, we promise to pay to the order of H. L. and S. W. Smith, at the Rock County National Bank of Janesville, twenty-seven hundred two and 33-100 dollars, with interest at the rate of seven per cent. per annum until paid.

"'CLOW REAPER M'F'G CO.<br>"'S. B. SMITH, <em>Sec'y.</em>

"'Due, March 18–21, 1874.

"'U. S. R. stamp, $1.40.'

"The back of said note has upon it the following indorsements, to-wit: 'H. L. Smith,' 'S. W. Smith.' Also, 'We, for value received, hereby waive demand of payment, protest and notice thereof of the within note. H. L. Smith, S. W. Smith.' 'Without recourse.' 'Daniel Clow,' in the order in which they are written herein.

"Before the maturity of the said note the plaintiff became the owner thereof for value.

"The plaintiff further says that he has duly performed all the conditions in said contract on his part; that no part of the said note has been paid, and that there is now due him thereon, from said defendants, the sum of $2,702.33, with interest at seven per cent. from Nov. 18, 1871, which he claims and asks judgment for, with costs and disbursements."

" The defendants, H. L. Smith and S. W. Smith, demur to the complaint of the plaintiff herein, George W. Strunk, and specify the following causes of demurrer :

" 1st. The complaint does not state sufficient facts to constitute a cause of action.

" 2d. It does not appear that the maker of said note set out in the complaint, to wit, the 'Clow Reaper M'f'g Co.,' had any legal existence, so that 'S. B. Smith, Sec'y,' had any power to make said note.

" 3d. There is no allegation in the complaint that said note was ever delivered to anybody, or that there was any consideration for the same or for the indorsement of the same.

" 4th. It further appears from the complaint that said note was indorsed without recourse by said H. L. & S. W. Smith."

*Bennett & Sale*, for appellant, argued that the complaint was defective in failing to aver that the " Clow M'f'g Co." had any legal existence, or that the note was ever delivered, or that defendants indorsed it, or that there was any consideration for their indorsement ; as also in failing to aver demand of payment, nonpayment, protest, or notice of protest given to the indorsers ; and they cited *Conkliny v. Gandall*, 1 Keyes, 231, as showing the construction of sec. 162 of the New York code, which they stated to be identical in terms with sec. 24, ch. 125, of our revised statutes (Tay. Stats., 1443, § 26). " The words ' any instrument for the payment of money *only* ' * * mean an instrument which, on its face, is evidence of the debt claimed to be due. Hence, when not only the instrument itself, but extrinsic facts, are necessary to be proved to enable the plaintiff to recover, the existence of these facts, as constituting part of the cause of action, must be averred in the complaint. A promissory note, in a suit against the indorser, is not an instrument for the payment of money only, since, to enable the holder to recover, a regular demand of payment and notice of refusal are necessary to be proved ; and a complaint against an indorser containing no averment of these facts, is bad on demurrer."

*Alder v. Bloomingdale*, 1 Duer, 601. See also *Cottrell v. Conklin*, 4 Duer, 45 ; *Price v. McClave*, 5 id., 670 ; *Bank of Geneva v. Gulick*, 8 How. Pr., 51 ; *Loomis v. Dorshimer*, id., 9. 2. The complaint does not even comply with the form adopted under the New York code. 3 Tiff. & Smith Pr., pp. 40, 41, Nos. 59, 60 and 61 ; 1 Abb. Forms, pp. 254–6, Nos. 335–8.

*Jackson & Norcross*, for respondent, relied on sec. 24, ch. 125, R. S. (Tay. Stats., 1443, § 26). 1. Pleadings under this statute ⁚ may follow it strictly. *Veeder v. Town of Lima*, 11 Wis., 421 ; *Reeve v. Fraker*, 32 id., 243 ; *Fairbanks v. Isham*, 16 id., 118 ; *Leggett v. Jones*, 10 id., 34. 2. It was not necessary to state the legal existence of the maker of the note, because the indorsers would not be permitted to deny it. *Erwin v. Downes*, 15 N. Y., 575. 3. It was unnecessary to allege delivery, value, or how plaintiff became the owner of the note. *Purdy v. Vermilya*, 8 N. Y., 346 ; *Phelps v. Ferguson*, 1 Abb. Pr., 206 ; *Genet v. Sayre*, 12 id., 347 ; *Manuf. Co. v. Campbell*, 13 id., 86 ; *B. & D. Bank v. Jacobson*, 15 id., 218 ; *S. C.*, 9 Bosw., 595. 4. It was not necessary to state more fully how defendants were connected with the note. *Chappell v. Bissell*, 10 How. Pr., 274 ; *Prindle v. Caruthers*, 15 N. Y., 425 ; *Keteltas v. Myers*, 19 id., 231 ; *Hughes v. Wheeler*, 8 Cow., 77 ; *Appleby v. Elkins*, 2 Sandf., 673 ; Voorhees' Code (5th ed.), 252, (a) and (b) ; 1 Abb. Forms, pp. 214, 215, 229 ; *Churchill v. Gardner*, 7 Term, 596 ; *Smith v. McClure*, 5 East, 476 ; Chitty on Bills (10th Am. ed.), 551. See also the dissenting opinion of INGRAHAM, J., in *Conkling v. Gandull*, 1 Keyes, 228. When plaintiff took the note, he relied upon the writing and names on its face and back ; and when he brings an action upon it, he states all that he knows of it by giving a copy and alleging that he became the owner before it was due, and that there is now due him from defendants a certain sum. To prove his case he had only to produce the note and testify that the amount claimed was due. The instrument itself shows that the defendants have waived the only privilege that indorsers have ; and,

besides, performance of the conditions precedent on plaintiff's part is averred. 5. If the allegations of the complaint are true, plaintiff clearly has a cause of action against these defendants. If they are entitled to have any other facts disclosed by the pleading, for their information, their remedy is only by motion to have the complaint made more definite and certain. R. S., ch. 124, sec. 22 (Tay. Stats., 1443, § 24); *Hodson v. Treat*, 7 Wis., 263; *Bach v. Bell*, id., 433; *Learmonth v. Veeder*, 11 id., 138; *Kuehn v. Wilson*, 13 id., 104; *Morse v. Gilman*, 16 id., 504; opinion of SHANKLAND, J., in 15 N. Y., 425.

LYON, J. This complaint will shock the professional sensibilities of any lawyer who is reasonably familiar with common law rules of pleading; and, knowing, as we do the ability and accuracy of the attorneys whose names are signed to it, it is a matter of some surprise to us that they could have brought themselves to put in a pleading so barren of averment, that, were those rules to govern, it could not stand a moment before a demurrer.

But we may not indulge in much criticism of this complaint, for we find ourselves compelled to hold it sufficient under our code of procedure, which provides as follows : " In an action or defense founded upon an instrument for the payment of money only, it shall be sufficient for the party to give a copy of the instrument, and to state that there is due to him thereon, from the adverse party, a specified sum which he claims." R. S., ch. 125, sec. 24 (Tay. Stats., 1443, § 26). This action is founded upon an instrument for the payment of money only; in his complaint the plaintiff has given a copy of such instrument, and states that there is due to him thereon, from the defendants, a specified sum, which he claims and for which he demands judgment. The law says that this is sufficient. We are not at liberty to hold that it is not. See *Veeder v. The Town of Lima*, 11 Wis., 419 ; *Reeve v. Fraker*, 32 id., 243. As to the second ground of demurrer, see *Giffert v. West*, 33 Wis., 617, and cases cited.

Whether averments of "demand of payment, protest and notice thereof," would have been necessary had not the defendants expressly waived the same, we are not called upon to determine. It is scarcely necessary to add that we do not understand from the complaint that the defendants indorsed the note "without recourse," but that those words on the note relate solely to the indorsement of Daniel Clow.

*By the Court.* — Order affirmed.