SCOTT v. ESTERBROOKS.

Under section 4927, Comp. Laws, a complaint in an action upon a promissory
   note by payee against maker is sufficient if it set out a copy of the note,
   and state that there is due plaintiff thereon from the adverse party a
   specified sum, which plaintiff claims.

(Syllabus by the Court. Opinion filed Nov. 22, 1894.

Appeal from circuit court, Lawrence county. HON. A. J.
PLOWMAN, Judge.

Action on an instrument for the payment of money only.
From judgment sustaining a demurrer to the complaint, plain-
tiff appeals. Reversed.

The facts are stated in the opinion.

*H. E. Dewey*, for appellant.

In a complaint upon a promissory note, a copy of the in-
strument and a statement of amount due thereon is all the al-
legation necessary. Marshal v. Rockwood, 12 How. 452;
Buidle v. Carruthers, 15 N. Y. 425; Keletlas v. Meyers, 19
Id. 231.

*Frawley & Laffey*, for respondent.

·A frivolous pleading is one so clearly and palpably bad as
to require no argument or illustration to show its character.
18 Am. Eng. Ency. L. 503; Strong v. Sproul, 53 N. Y. 498;
Catrill v. Cramer, 40 Wis. 558; McConihe v. McClurge, 13 Wis.
454; Howland v. Boord, 19 Wis. 265; Clapp v. Preston, 15 Wis.

602. A pleading is not frivolous when the point is undecided or when it raises a serious question of law or practice. Eaton v. Gillett, 17 Wis. 448; Andrews v. Wynn, 4 S. D. 40; 54 N. W. 1047; Busta v. Wardell, 3 S. D. 141; 52 N. W. 418.

KELLAM, J. Appellant's complaint in the court below was, after a formal introduction, as follows: "(1) That this action is founded on an instrument for the payment of money only, made and delivered to said Thos. H. Breen, of which the following is a copy, viz: '$100.00. Lead, March 31st, 1893. Due Thos. H. Breen, on demand, one hundred dollars, on purchase price of house. Mrs. Minnie Esterbrooks.' (2) That, before the commencement of this action, payment of the same was duly demanded of said defendant on, towit, the 21st day of April, 1893, and at sundry times since said day. (3) That there is due to the plaintiff thereon from the defendant the sum of one hundred dollars, with interest from the said 21st day of April, 1893, which he claims. (4) That thereafter and before the commencement of this action, the said Thos. H. Breen died, intestate; and that on the 28th day of July, 1893, letters of administration upon the estate of said Thos. H. Breen, deceased, were duly issued by the county court of said county and state, appointing this plaintiff administrator of all the goods, chattels and credits which were of said deceased; and that this plaintiff thereupon duly qualified as such administrator, and entered upon the discharge of the duties of said office. Wherefore the plaintiff demands judgment for one hundred dollars, and interest, besides costs." Respondent demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. Appellant applied to the court for judgment, on the ground that the demurrer was frivolous. On hearing, the court denied the application for judgment; and sustained the demurrer. The plaintiff appeals.

The last clause of section 4927, Comp. Laws, provides that "in a action * * * founded upon an instrument for the pay-

ment of money only, it shall be sufficient for the party to give a copy of the instrument, and to state there is due to him thereon from the adverse party, a specified sum which he claims." The right of the legislature to prescribe a form of pleading in any class of cases cannot be doubted. They have done so here, and we are unable by close analysis and comparison to discover any condition or fact required by the statute which is not shown by the complaint. This section was taken from New York, and was section 162 of the original code of that state. It had been construed and its legal effect declared by the highest court of that state, prior to its adoption here. The present corresponding section of that code is somewhat different in phraseology; whether different in consequences is not material now and here. Under the old section, a complaint like this would have been held good in New York. In Marshall v. Rockwood, 12 How. Pr. 454, the court says: "In such a case [promissory note, payee against maker] the giving of a copy of the instrument, with an allegation that a specified sum is due thereon, is made equivalent to an allegation of the execution and delivery of such instrument by the defendant to the plaintiff." Bank v. Jacobson, 15 Abb. Pr. 218, was an action on a promissory note. The complaint alleged no other facts than are stated in this complaint. It was held good as against demurrer, the court saying in its opinion: "The pleader is protected by an authority higher than the court." In Prindle v. Caruthers, 15 N. Y. 425, the court of appeals construed the section quoted as creating an exception to the general rule of pleading that the facts constituting a cause of action should be stated. The opinion further says: "The section is express and imperative. It shall be sufficient to give a copy of the instrument and to state that there is due thereon to the plaintiff from the adverse party, a specified sum, which he claims. A complaint thus worded implies that the plaintiff owns the instrument, in some legal manner of deriving title; that the event has happened on which the payment depends, and the amount

is expressly stated. The defendant, by a general denial of the indebtedness, puts in issue every fact alleged, expressly or impliedly; and, on the trial, the plaintiff is bound to prove his case the same as though every fact necessary to maintain the action had been averred explicitly." Thus is answered the suggestion of respondent that such a complaint contains no allegation of making and delivery which would be put in issue by a general denial. Vogle v. Kirby (City Ct. N. Y.) 4 N. Y. Supp. 99, is cited by respondent as authority against this view. This was a special term decision, and under the amended section. To what extent, if at all, the amendment changed the law of that state, it is not for us to determine. The fact remains that the old section, precisely as we have it, came to us already construed by the court of that state. The complaint, in the case before us stated more than was stated in either of the two cases first above cited, for it distinctly avers that the action is brought upon an instrument for the payment of money only, "made and delivered," etc., of which a copy is set out. This would probably make this complaint good, even under the rule of Vogle v. Kirby, *supra.* Wisconsin has the same provision. Strunk v. Smith, 36 Wis. 631, was an action upon a promissory note. The complaint contained no allegation of making and delivery, but set out a copy and stated the amount claimed. In affirming an order overruling a demurrer, Lyon, J., said: "This action is founded upon an instrument for the payment of money only. In his complaint, the plaintiff has given a copy of such instrument, and states that there is due to him thereon from the defendants a specific sum, which he claims, and for which he demands judgment. The law says that this is sufficient. We are not at liberty to hold that it is not." The Code of South Carolina contains the same section. In Watson v. Barr (S. C.) reported in 16 S. E. 188, a complaint upon a promissory note, in almost the same language as the one now under consideration, was held good. See, also, as to the effect of this provision, Bliss, Code Pl. sec. 306; Maxw. Code Pl. p. 116.

The complaint must be held as sufficiently stating a cause of action in favor of the payee, Breen, against the maker, Esterbrooks. It then alleges the death of Breen, and the appointment and qualification of the plaintiff as administrator, thus showing his authority to sue. These facts, added to those which the statute implies, as already noticed, make a good complaint. The order of the circuit court is reversed, and the cause remanded, with instructions to enter judgment therein for plaintiff, unless the court, in its discretion, shall allow the defendant to answer on the merits. All the judges concur.