[Du Bois v. State.]

# Du Bois v. The State.

### Indictment for Larceny from the Person.

1. *Larceny from the person; sufficiency of indictment in description of stolen property.* — An indictment for larceny from the person (Rev. Code, § 3707), which alleges the felonious taking from the person of W. E. B. of "one pocket-book, containing fifty dollars in national currency of the United States, the exact denomination of which is to the grand jury unknown," and several "notes" on persons whose names are mentioned, with the amount of each, "of the value of more than fifty dollars, the personal property of W. E. B.," contains a sufficient description of the stolen property.

2. *Same; evidence of value of the stolen "notes."* — Under such an indictment, the prosecution may prove the value of the "notes" alleged to have been stolen, as a fact necessary to fix the grade of the offence.

3. *Charge misleading jury, based on facts supposed but not proved.* — A charge to the jury in a criminal case, instructing them that, if they "can account for the loss of the" articles alleged to have been stolen by the defendant, "on any hypothesis consistent with the defendant's innocence,— as, for instance if the prosecutor left it" in a specified place, "or some other person than the defendant took it, — then they must find him not guilty," is calculated to mislead the jury, as authorizing them to indulge in supposition of facts not proved.

4. *Sufficiency of verdict.* — Where the value of the stolen property is alleged in the indictment, a verdict of "guilty as charged in the indictment" is sufficient, and it is not necessary that it should assess the value of each article of the stolen property.

FROM the Criminal Court of Dallas.
Tried before the Hon. GEO. H. CRAIG.

JASPER N. HANEY, for the prisoner.

BEN. GARDNER, Attorney General, for the State.

PETERS, C. J. — The prosecution in this case is founded on section 3707 of the Revised Code, which provides, that " any person, who steals any personal property . . . . from the person of another, must, on conviction, if the property stolen exceeds fifty dollars in value, be punished as if he were guilty of grand larceny." Rev. Code, § 3707. The offence alleged in the indictment is in these words: " The grand jury of said county charge, that, before the finding of this indictment, James Du Bois feloniously took and carried away, from the person of William E. Beard, one pocket-bock, containing fifty dollars in national currency of the United States, the exact denomination of which is to the grand jury unknown, one note on F. Connoley, for two hundred dollars, one note on W. P. Rushing, for two hundred and twenty-two dollars, one note on Orr & Bonner, for two hundred and seven dollars, two notes on W. G. Randall, for five hundred dollars each, of the value of more than fifty dollars, the personal property of William E. Beard; against the peace and dignity of the State of Alabama. " To the charge

thus made the defendant in the court below demurred, and his demurrer was overruled. This he now insists was error.

The indictment is in the form given in the Code. It describes with sufficient certainty and precision the felonious taking of the property stolen from the person of the owner, and the articles themselves, and their value. This is sufficient to give the accused notice of all the facts necessary to constitute the offence charged. The objection that the "notes" stolen with the pocket-book are not "personal property" is a misapprehension of the definition given in the Code of such property. It is this: "The words 'personal property' include money, goods, chattels, things in action, and evidences of debts, deeds, and conveyances." Rev. Code, § 3. The word "notes" is used in the sense of "promissory notes" in section 1837 of the Revised Code, and this is frequent in the language of judicial tribunals. Besides, the description added to this word in the indictment shows that the papers referred to were instruments securing the payment of definite sums of money. The defendant could not be misled by it. The demurrer was properly overruled.

2. The objection to the evidence of the value of the notes was properly disallowed. This was necessary to fix the grade of the offence, and the punishment to be inflicted. It was one of the constituents of the crime. Rev. Code, § 3707. There is no substance, then, in this assignment of error. It cannot avail.

3. Another error is founded on the charge asked by the defendant in writing and refused. It is in these words : " If the jury can account for the loss of the pocket-book mentioned in the indictment on any other hypothesis consistent with defendant's innocence — as for instance, if Mr. Beard may have left his pocket-book where he bought his railroad ticket, or if some person not the defendant took it — then the jury must find him not guilty." This charge was well calculated to mislead the jury. An "hypothesis" is a mere supposition. The jury cannot "account" for the innocence of the accused, by *supposing* that the pocket-book was left at the place where the railroad ticket was bought, or by *supposing* that some other person than the defendant took it. The facts proven must show that one or the other of these things actually occurred, and the verdict must be founded on these facts, and not on a supposition. This is not the effect and purport of the charge. It was, therefore, incorrect, and properly refused. *McAlpine* v. *The State*, 47 Ala. 821.

4. The indictment charges that all the property stolen was worth more than fifty dollars. The jury find the defendant " guilty as charged in the indictment;" that is, that the defendant had stolen property worth more than fifty dollars. This was

sufficient to. justify a judgment of conviction on the charge alleged in the indictment. *Jones* v. *The State*, 13 Ala. 153. The failure of the jury to assess the value of each article of property stolen, was no injury to the defendant. It was, therefore, not error.

There is no error in the proceedings and judgment in the court below, and it is accordingly affirmed.