Louisa Johnson vs. The State.

---

## LOUISA JOHNSON VS. THE STATE.

1. CRIMINAL PLEADING: *Indictment.*
   An indictment for stealing a pocket book and contents of the value of twenty dollars, without describing the contents, charges no larceny except of the pocket book; and if the proof shows it to be worth less than two dollars, will not support a conviction for grand larceny, nor justify the admission of evidence of the contents.

2. SAME: *Evidence.*
   Evidence of the contents of a stolen article is not admissible, when they are not described in the indictment.

APPEAL from *Lee* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Attorney General* for appellee.

ENGLISH, CH. J.:

Indictment as follows:

The Grand Jury of Lee County, etc., etc., accuse Louisa Johnson of the crime of grand larceny, committed as follows, viz.: That said Louisa Johnson on etc., at etc., one pocket book and contents of the value of twenty dollars of the goods and chattels of John W. Watson, unlawfully and feloniously did steal, take and carry away, against the peace," etc.

The defendant demurred to the indictment; the court overruled the demurrer, and she standing mute, the court ordered the plea of not guilty entered for her, upon which she was tried, and the jury returned the following verdict: "We, the jury, find the defendant guilty, and fix the penalty at three years in the penitentiary."

The defendant filed motions for a new trial and in arrest of judgment, which were overruled, and she was sentenced according to the verdict, took a bill of exceptions, and prayed an appeal, which was allowed by one of the judges of this court.

If the appellant had been indicted for stealing the contents of a pocket book, every lawyer who knows anything about criminal pleading would pronounce the indictment bad, for want of a description of the property stolen. But she was charged with stealing "one pocket book *and contents.*" What were the contents of the pocket book? Did it contain United States treasury notes, bank bills, bonds, notes, bills of exchange, checks, deeds, gold or silver or coin, or any thing which by common law or statute is made the subject of larceny? The indictment does not answer this question; it is silent as to what were the contents of the pocket book. Was the indictment good for any thing beyond the charge of stealing one pocket book? We think not.

We have examined many cases in which persons were indicted for stealing pocket books, purses, wallets, boxes, trunks,

etc., containing bank notes, money, papers and other articles of value, and in all instances, when the prosecutions were for stealing the contents as well as the pocket book, purse, etc., the contents are described with more or less particularity; among them the following:

State v. Due, 7 Foster, N. H., 256; People v. Swan, 1 Parker Cr. R., 9; People v. Cogdell, 1 Hill, 94; Porter v. State, Martin and Yerger, 225; Regina v. Mole, 47 Eng. C. L., 416; DuBois v. State, 50 Ala., 139.

Chitty gives a precedent for stealing a bag containing copper coin.   3 Ch. Cr. L., 960.

An indictment for stealing a bag and contents, would be uncertain to every intent as to the contents, for the bag might contain coin, shot or peas.

In DuBois v. State, 50 Ala., 139, the prisoner was charged with stealing a pocket book and contents from the person of another, and the indictment was in the form following:

" The Grand Jury of etc., charge that before the finding of this indictment, James DuBois feloniously took and carried away, from the person of William E. Beard, one pocket book, containing fifty dollars in national currency of the United States, the exact denomination of which is to the Grand Jury unknown, one note on W. P. Rushing for two hundred and twenty dollars, one note on Orr & Bonner, for two hundred and seven dollars, two notes on W. G. Randall, for five hundred dollars each, of the value of more than fifty dollars, the personal property of William E. Beard, against the peace, etc."

On demurrer to the indictment, the court held that it contained a sufficient description of the stolen property.

By act of 23d January, 1875, (Acts 1874–5, p. 112), every person convicted of larceny, when the value of the property stolen exceeds the sum of $2, shall be punished by imprisonment in the penitentiary not less than one, nor more than five years,

and when the value of the property does not exceed the sum of $2, by imprisonment in the county jail not more than one year, and by fine not exceeding $300. This act amends sec. 1,357 of Gantt's Digest.

The appellant was not charged with stealing any thing but one pocket book, its contents being in no way described:

On the trial, the court permitted the State to prove the contents of the pocket book, against the objection of the appellant.

The pocket book was proven to be worth about six bits or a dollar, when new, and it had been in use about a year when stolen. It seems from the testimony of John W. Watson, the owner, to have contained $20, of which there were two 50 cent pieces of United States currency, and the balance in small bills of Helena money, perhaps, which was then current in Lee County. The pocket book and its contents, the witness stated, were worth $20.

The appellant was not charged with stealing fractional currency, or Helena money, whatever it may be, and the State had no right to prove the value of the contents of the pocket book, to make out a case of grand larceny against appellant. There was no proof that the pocket book was worth more than $1.

Under the charge in the indictment, and upon such of the evidence as was competent, the jury was not warranted in finding the appellant guilty of a penitentiary offense, under the act above cited, nor the court in rendering judgment in accordance with the verdict. The judgment should have been arrested, and a new trial granted appellant.

There was no direct proof that the appellant stole the pocket book, but there were circumstances in evidence from which the jury no doubt believed her guilty of the theft, as they so found.

The judgment must be reversed, and the cause remanded for a new trial, etc.