STATE OF MINNESOTA *vs.* GUSTAV A. MUSGANG.

Submitted on briefs Nov. 23, 1892. Decided Dec. 16, 1892.

**Railroad Passes in Blank and Unsigned are not Proper Subjects of Larceny.**

A passage ticket, completed and ready to be issued, is the proper subject of larceny, under Pen. Code, § 423. But railway passes intended for employes, prepared and left in blank save as respects the printed *facsimile* signature of the general manager, and which have not been countersigned by the officer, without whose signature they are of no avail, are not within the statute.

Gustav A. Musgang was indicted for larceny and convicted in the District Court of Ramsey County. A question of law arose on the trial which, in the opinion of that court, was so doubtful as to require the decision of this court. The defendant desiring it, the case was reported so as to present the question and certified here. 1878 G. S. ch. 117, § 11.

Horace G. Robinson was a clerk in the office of the general manager of the Northern Pacific Railroad Company, and wrongfully took a lot of blank trip passes, and forged upon them the fictitious name W. H. Burrell, and sold them to Musgang. These trip passes Musgang sold, one at a time, to travelers. He would insert the traveler's name and destination in the pass, so that it would be a direction to all conductors to pass the man on the trip. Musgang and Robinson were indicted for the larceny of these trip passes, under Penal Code, § 423. The question certified is, whether larceny was the proper charge to be made against them. The passes in their condition when stolen were not shown to be of any validity or value.

*M. F. Propping, John W. Lane* and *Francis H. Clarke,* for defendant.

*Moses E. Clapp,* Attorney General, for the State.

VANDERBURGH, J. The defendant was convicted of the offense of grand larceny in the second degree, committed by stealing passage tickets completed and ready to be delivered. The indictment was

framed under section 423, Pen. Code, which provides that "all the provisions of the chapter relating to the subject of larceny," etc., "should apply to cases where the property taken is an instrument for the payment of money, * * * or a passage ticket completed and ready to be issued or delivered, although the same has never been issued or delivered by the maker thereof to any person as a purchaser or owner."

In support of the indictment, the evidence tended to prove the following facts: The Northern Pacific Railroad Company kept on hand a book containing about 100 blank forms for passes, prepared for the use of employes, bearing the printed *facsimile* signature of the general manager of the company, with blank spaces for the names of the parties to whom they might be issued, and for the name of the authorized agent by whom they were to be countersigned, and indorsed, "Not valid unless countersigned by ———," and "Not transferable." The passes in this form, and with blanks unfilled, were feloniously taken from the office of the company in St. Paul by one Robinson, who stamped a fictitious countersignature thereon, and filled with his name the blank left therefor. The defendant thereafter filled in the name of the persons by whom, and the places between which, they were to be used on the railroad. Such passes are not entitled to credit or to be used unless authenticated by the signature of the person who is authorized to countersign the same, and when so countersigned they are issued in the names of the persons entitled. The case made by the evidence is not brought within the provisions of the statute. If the passes are to be treated as "passage tickets," which we need not consider, it is evident that they were not "completed and ready to be issued." The printed signature of the general manager did not authorize their use without the countersignature of the proper officer or authorized agent to authenticate them. Robinson might just as well have forged the name of the general manager also, had that been wanting.

In the pass produced at the trial all the names, including that of the passenger to whom it was issued by Musgang, (who filled in the date and name of the party,) were inserted after the pass book was stolen by Robinson.

The evidence was insufficient to warrant a conviction.

The case will be remanded, with directions to set aside the verdict and discharge the defendant.

(Opinion published 53 N. W. Rep. 874.)