CHRISTIAN J. HAUG vs. ANDREW C. HAUGAN.

Argued Oct. 11, 1892.   Decided Dec. 16, 1892.

**Commission Earned by Real-Estate Broker.**

Where a real-estate broker has at the request of the owner of real estate secured a customer who enters into negotiations with his principal, and such owner thereupon expressly agrees with the broker that he will pay him a specified sum as commissions, if such negotiations are finally successfully completed, and a sale or exchange is finally consummated on terms agreed upon between the parties thereto, *held*, that the broker is entitled to the stipulated commissions.

**Irrelevant Matter in a Pleading—Striking Out, how Reviewed.**

A motion to correct a pleading by striking out irrelevant matter will only be reviewed on appeal from the judgment, so far as to determine whether there was any abuse of discretion by the trial court affecting substantial rights.

**Judge's Expression at the Trial of his Opinion on the Evidence.**

The expressions of opinion by the court as to the materiality of evidence in ruling upon offers of testimony are not usually proper subjects of exception, but declarations or statements may be so made by the court in the presence of the jury, in respect to its weight and materiality, as to be prejudicial and ground of exception by the aggrieved party.

Appeal by defendant, Andrew C. Haugan, from an order of the District Court of Hennepin County, *Hicks*, J., made July 2, 1892, denying his motion for a new trial.

The plaintiff, Christian J. Haug, was a real-estate broker at Minneapolis, and on October 1, 1890, was employed by defendant to trade certain incumbered lots and houses for farm property. He introduced Roswell G. Brooks to defendant and they exchanged property.

Defendant obtained fourteen hundred and eighty (1,480) acres of land in Grant county, incumbered for $11,200, in exchange for his city property. Plaintiff claimed that defendant agreed to pay him $1,000 commission if the exchange was consummated. This action was brought to recover that sum. Plaintiff had a verdict for the amount he claimed with interest. Defendant moved for a new trial, and being refused, appeals. The discussion here was mainly on the facts shown in evidence.

*Ueland & Holt,* for appellant.

*Gilger & Harrison,* for respondent.

VANDERBURGH, J. The plaintiff sues for his compensation for services as a real-estate broker, in behalf of defendant, in obtaining a customer with whom defendant effected an exchange of certain real estate for a farm.

In October, 1890, the defendant, who was anxious to procure a farm in this state or Dakota in exchange for city property owned by him, applied to plaintiff, and engaged his services for that purpose, and left with him a list of his property, and the plaintiff undertook to find a farm which would be satisfactory to defendant in exchange for his city lots. The plaintiff testifies that he gave his exclusive attention to the matter for two weeks, and finally succeeded in finding a farm which defendant subsequently procured, and brought the owner of it, one Brooks, into negotiations with the defendant. The plaintiff, at defendant's request, had made particular investigation into the character and condition of the farm, and the extent of the improvements thereon, and in respect to which plaintiff made report to defendant.

The property was incumbered, and it took considerable time for the parties to complete the negotiations, and to agree upon the details of the trade which was finally consummated. After plaintiff had reported the result of his investigations, and had brought the parties together, the defendant himself conducted the negotiations independently of the plaintiff, and the latter testifies that the amount of compensation for his services in the premises was then specifically agreed on between them, contingent only upon the successful com-

pletion of the negotiations with Brooks. The plaintiff's testimony is that, in answer to the defendant's question as to what his commissions would be, he replied that he would charge him less than half commission if he and Brooks could make a trade. Defendant then inquired, "What will that be?" and plaintiff replied, "I will do it for $1,000;" and defendant then stated, "All right, I will pay that if Brooks and I can agree on the deal. So far as the commission is concerned, there will be no trouble about that."

Whether this was in fact the agreement made between the parties at the time testified to, and whether a trade substantially as contemplated when plaintiff's services were engaged and rendered was finally consummated, were questions which were necessarily settled by the verdict; and it is clear that, where the principal carries forward, to a successful completion, negotiations undertaken for him by the agent, with the understanding that the latter should have the commission agreed on, he ought to recover; and under the charge of the court the jury must have found that defendant relieved the plaintiff of all further responsibility in conducting the negotiations, and agreed to pay him the sum of $1,000 for his commissions in case they should be successfully determined and he should be able to effect the exchange of lands with Brooks. The exchange was in fact finally consummated by the conveyance of the farm to the defendant, and the transfer of the real estate to Brooks, which defendant had listed with plaintiff. The original purpose of the defendant, and the object which he had in view in engaging the services of the plaintiff, were attained, but the details in respect to the incumbrances upon the property, and the amount of the cash consideration to be paid, were left to the defendant to arrange as he might be advised.

There was no error in the charge of the court in submitting the alleged agreement to the jury as the controlling question in the case, provided, as the court specially instructed the jury, the exchange in fact effected was substantially that in contemplation when the agreement was made; and this the evidence tended to prove.

In view of the finding of the jury in respect to this agreement, under the charge of the court as given, the instructions asked by the defendant upon the subject of plaintiff's being the procuring cause

of the final agreement for the exchange of lands as made, and in respect to defendant's alleged abandonment of the negotiations and attempted discharge of the plaintiff, were immaterial.

The ordinary contract of a broker, who undertakes to procure a purchaser upon the terms of the seller, is necessarily modified by the terms of the special agreement referred to, and hence the cases bearing on that subject are not pertinent in this case.

A motion was made in the court below, before the trial, to strike out certain alleged irrelevant and redundant matter in the complaint.

The action of the trial court in such cases will be inquired into upon appeal from the judgment only so far as to determine whether there was an abuse of the reasonable discretion of the trial court, so as to affect the substantial rights of the moving party. The issues as tried are fairly tendered by the complaint, and we are unable to see how the defendant was prejudiced, upon the trial of the merits, by the refusal of the court to grant the motion referred to. It is evidently not a sufficient ground for a new trial in this case. *Madden* v. *Minneapolis & St. L. Ry. Co.,* 30 Minn. 454, (16 N. W. Rep. 263.)

Upon the offer in evidence of certain letters of plaintiff requesting small loans of money of defendant after the trade was completed, the court expressed the opinion that the evidence was immaterial, but received the evidence, and it was allowed to be considered by the jury. It is evident that the court had grave doubts on the subject, but the matter was open for further consideration.

Statements or declarations of the court as to the nature or effect of evidence may be so made in the presence of the jury as to be prejudicial, and therefore ground of exception, but we do not think this such a case. If the party deemed it important, he should have called the attention of the court to it in his instructions to the jury.

Exception was also taken by defendant to certain remarks of the plaintiff's counsel in summing up, based upon alleged statements of the opposing counsel, but the latter are not set forth in the record, and we are unable to say that the language objected to was prejudicial to defendant.

We have examined all the assignments of error, and find none of them sufficient to warrant a new trial.

Order affirmed.

(Opinion published 53 N. W. Rep. 874.)