# Johnson *v.* The State.

### *Grand Larceny.*

(Decided Feb. 11, 1909.   48 South. 792.)

1. *Evidence; Judicial Notice; Clearing House Certificate; Value.*—Courts will not take judicial notice of a particular clearing house or of the nature of the clearing house certificate issued by it.

2. *Larceny; Indictment; Nature of Property.*—Since the provisions of the Code of 1907, Section 2, that the words, personal property, shall include money, evidences of debt, etc., an indictment alleging the taking of clearing house certificates, the personal property of another, sufficiently alleges the taking of property that is the subject of larceny, in the absence of evidence showing the nature of such certificate.

3. *Same; Description of Property.*—An indictment charging the taking and carrying away one bill of the denomination of twenty dollars, lawful money of the United States of America, and four clearing house certificates of the denomination of five dollars each, issued by the clearing house association of the aggregate value of twenty dollars, sufficiently describes the property taken.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

John Johnson was convicted of grand larceny and he appeals.   Affirmed.

JOHN W. A. SANFORD, JR., for appellant.   No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, for the State.   Clearing house certificates possess an intrinsic value.—5 Cyc. 613, note 48.   The description was sufficient.—*Grant v. The State,* 55 Ala. 208; *Carden v. The State,* 89 Ala. 130.   Clearing house certificates are legal money.—*Noble v. The State,* 59 Ala. 81.

McCLELLAN, J.—The indictment charged that the appellant "feloniously took and carried away one bill, of the denomination of twenty dollars, lawful currency of the United States of America, and four clearing house certificates, of the denomination of five dollars each, issued by the Clearing House Association of Montgomery, Alabama, of the value of twenty dollars, the personal property" of one Garner. The demurrer takes the objection, in substance: First, that the certificates mentioned cannot be the subject of larceny under our statutes; second, that, no authority for their issuance being averred, they were without legal existence and without intrinsic value; and, third, these alleged subjects of the alledged larceny are not sufficiently described. The appeal is on the record proper, without bill of exceptions.

While it may be that judicial knowledge of the general nature and purpose of a clearing house could, upon proper occasion, be indulged, we know of no reason, and have been unable to find any authority, to justify the assumption of judicial knowledge of the particular institution, and the certificates mentioned in the indictment.—16 Cyc. pp. 878-880, and notes. Since the indictment avers that such certificates were personal property, and were of the value of $20, the issues were, of course, of fact, and in the absence of judicial knowledge, as stated, neither the court below, nor this, could pronounce the result asserted by some grounds of the demurrer. Our statute (Code 1907, § 7324) condemns as grand larceny the felonious taking, etc., of any personal property of the value of $25. The words "personal property" include "money, goods, chattels, things in action and evidences of debt, deeds and conveyances." —Code 1907, § 2. It may very well have been assumed by the court below, for the purpose of ruling on the de-

[Adams v. The State.]

murrer, that the certificates described, in number, denomination, and source of issue, were evidences of debt, promises to pay. The description was sufficient.—*Dubois v. State,* 50 Ala. 139; 25 Cyc. pp. 77, 78, and authorities in notes.

There is no error in the record, and the judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.