STATE *v.* GEORGE McCLELLAN.

May Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed September 9, 1909.

*Bills and Notes—Assignment Without Indorsement—Larceny— Property Subject of Larceny—Unindorsed Bank Check— Value.*

The owner of a negotiable instrument, payable to his order, can transfer it by a formal assignment instead of an indorsement, or by parol with manual delivery, and such assignment is complete and effectual, as between the assignor and assignee, without notice to the debtor, and with such notice will secure the assignee the whole interest, subject to any existing defences.

Under P. S. 5755, providing a penalty for stealing money, bank notes, bills of exchange, or other bills, orders, or certificates, an unindorsed bank check payable to the order of the holder is the subject of larceny, and its value is, *prima facie*, the amount it represents.

INFORMATION for stealing an unindorsed bank check for $875. Plea, not guilty. Trial by jury at the September Term, 1908, Chittenden County, *Waterman*, J., presiding. Verdict, guilty; and that the value of the property was $880. Judgment

on verdict. The respondent excepted. The opinion states the case.

*J. J. Enright* and *Brown & Hopkins* for the respondent.

If this check had any other than a nominal value, which could properly be shown by evidence, it was its fair market value at the time and place and in the condition the check was found when the larceny was committed. *State* v. *Smith,* 48 Iowa 595; *Martinez* v. *State,* 16 Tex. App. 122; *Clark* v. *State,* 23 Tex. App. 512; *People* v. *Cole,* 54 Mich. 238. The instrument was incomplete and no one, not even Mrs. Webb herself, could have drawn the money on it. In that condition it could have no actual market value, and except by statute it was not a subject of larceny. *State* v. *Musgang,* 51 Minn. 556; *State* v. *Hill,* 1 Houst. Crim. Cas. 420; *Whalen* v. *State,* 90 Va. 544.

*John G. Sargent,* Attorney General, and *Henry B. Shaw,* State's Attorney, for the State.

MUNSON, J. The respondent is charged with the larceny of a private mail bag, and of a bank check for $875, signed by J. P. Morgan & Co., payable to the order of E. O. Webb, and not indorsed. The respondent excepted to the admission of evidence offered to show that there were funds to meet the check, and to the charge submitting the question of value to the jury. It is contended that the check had only a nominal value, and that if the value was more it was its fair market value at the time and place of the larceny, while unindorsed.

Property of this class is made the subject of larceny by P. S. 5755, but without any provision regarding its valuation. No case standing like this has been brought to our attention. In *State* v. *Hill,* 1 Houst. 420, there was no statute applicable to the paper taken. In *State* v. *Musgang,* 51 Minn. 556, 53 N. W. 874, the statute required the instrument to be "completed and ready to be issued or delivered," and those taken lacked, among other things, a necessary signature. The charge in *Whalen* v. *Com.,* 90 Va. 544, 19 S. E. 182, was the larceny of a check, which appears from the evidence recited in the opinion to have been unindorsed; but the statute provided that the amount due on or

secured by the writing and remaining unsatisfied should be deemed its value.

It will be well to mention a few other cases. In *Phelps* v. *People,* 72 N. Y. 334, the statute provided that the money due on the writing, or secured thereby and remaining unsatisfied, or which in any contingency might be collected thereon, should be deemed its value. The writing taken was a draft which had not been indorsed by the official to whom it was made payable by the last indorser, and the defence argued that this could not be larceny because the instrument was not effective and operative when taken, but the court said that inasmuch as the indorsements transferred the power to use the draft to obtain the money which it called for, it was a legal and operative instrument at the time it was taken. In *State* v. *Wade,* 7 Baxt. (Tenn.) 22, the respondent was charged with stealing certain coupons of the bonds of the State, and the court treated them as coupons that had been paid, but considered them valuable to the State as vouchers and therefore the subject of larceny. This was under a statute which covered ''any instrument of writing whereby any demand, right or obligation is created, ascertained, increased, extinguished or diminished, or any other valuable paper writing.'' In *State* v. *Allen,* R. M. Charlt. 518, the court declared it to be the holding of that State that on an indictment for stealing a bank note the note must be shown to have been genuine, but sustained a conviction without evidence of genuineness on the following reasoning: ''Stealing a counterfeit bill is certainly not larceny, as a general rule, because the thing stolen must be of some value. But it is not necessary that the subject matter of the larceny should be of value to third persons, if valuable to the owner. The prosecutor, having received these bills from the bank whose notes they purported to be, * * could have made such corporation pay specie for them, whether genuine or not, and they were therefore of the same value to him.''

The respondent argues that the value of stolen property is to be determined by its condition when taken; that a check payable to order is an incomplete instrument as long as it remains unindorsed; that no one could have drawn the money on the check in question—not even the payee; and that consequently it was only of nominal value.

This argument is opposed by several considerations. It is evident that this check was property in the hands of Mrs. Webb of a value equal to the amount for which it was drawn. The respondent took this property from her constructive possession with the intention of converting it to his own use. The fact that he found the property in such a condition that he could not convert it to his own use at the time he deprived the owner of it, ought not to determine its value in his favor when he is called to account for his criminal act. As regards its lawful owner and holder it was a completed paper. It gave Mrs. Webb the control of an amount of current money equal to the face of it, with the power of transferring that control by indorsement to any one who might become the bearer. But she could have realized the substantial value of the check without indorsing it, for an indorsement was not essential to the value of the check in the hands of an honest holder. The owner of a negotiable instrument payable to his order can transfer it by a formal assignment instead of an indorsement, or by parol with manual delivery. *Freund* v. *Importers etc. Bank,* 76 N. Y. 352. Such an assignment will be complete and effectual, as between the assignor and assignee, without notice to the debtor; and with notice, it will secure to the assignee the entire interest, subject to any existing defences. The holder of a paper thus transferred can enforce his right by a suit in equity in his own name, or by a suit at law in the name of the payee. All these considerations point to the conclusion that this check as it existed at the time of the taking was of substantial and not nominal value. Moreover the law treats it as something more than a paper of nominal value in the hands of a wrongdoer. If the respondent were sued for it in trover, he could not say that its value was merely nominal. He would be held for its actual value to the lawful owner, which, *prima facie,* would be the amount due on it. *See Robbins* v. *Packard,* 31 Vt. 570, 76 Am. Dec. 134.

This view is certainly consistent with our statute, and is perhaps required by it. In the eye of the common law a check is but a token, representing property located elsewhere, but valueless in itself, and therefore not a subject of larceny. The statute changes this, making the instrument a subject of larceny; in other words, treating it as a thing of value in itself. And if the instrument is to be valued as a check and not as a piece of

paper, what is its value? Obviously the amount it represents, if the check is good. This method of valuation is practically required by the nature of the change effected by the statute. The fact that the statutory list includes documents which afford no basis for a valuation of this character, does not discredit the rule as applied to writings which furnish the basis.

*Judgment that there is no error in the proceedings and that the respondent take nothing by his exceptions.*