209 So.2d 432

**Grady Paul TILLERY**

v.

**STATE.**

**3 Div. 275.**

Court of Appeals of Alabama.

April 2, 1968.

Barry C. Leavell, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This appellant was convicted of buying, receiving or concealing stolen property.

The indictment reads as follows:

"The Grand Jury of said County charge that, before the finding of this indictment, Grady Paul Tillery, whose name is to the Grand Jury otherwise unknown, did buy, receive, conceal, or aid in concealing, one Atlantic Company E-Z Shops Payroll Check, in the amount of $25.80, payable to the order of Lavern Martin, drawn on the First National Bank of Atlanta, Georgia, Check No. 028625, of the value of $25.80, and 3 Republic Money Orders No. 7139451 through 7139453, inclusive, of the value of $.50, all of the aggregate value of $26.30, the personal property of Atlantic Company, d/b/a E-Z Food Shop, J. C. Nixon, Manager, knowing that it was stolen, and not having the intent to restore it to the owner, against the peace and dignity of the State of Alabama."

Section 331, Title 14, Code 1940 provides in pertinent part:

"* * * Any person who steals any personal property of the value of five dollars or more from * * * or in any * * * storehouse, warehouse, shop * * * and any person who steals any personal property other than hereinbefore enumerated, of the value of twenty-five dollars, or more * * * shall be guilty of grand larceny."

Section 338, Title 14, Code 1940, provides that on conviction for buying, receiving, concealing or aiding in concealing stolen property, a defendant is punished as if he had stolen the property.

The state's undisputed testimony was to the effect that the E-Z Food Shop, belonging to the Atlantic Company, on South Court Street in Montgomery, was burglarized on the night of October 21–22, 1966; that a check payable to Lavern Martin, an employee of the shop, in the amount of $25.80, and three blank Republic Money Orders were stolen; that the Atlantic Company had more than enough money in the bank to cover the check at the time it was issued and that the value of the three money order blanks was fifty cents; that this defendant had in his possession the check and money orders on the night of October 28, 1966.

The jury returned the following verdict:

"We, the Jury find the defendant guilty of buying, receiving, concealing or aiding

in concealing personal property of a value in excess of $5.00 that had been stolen."

The court imposed a sentence of three years in the penitentiary.

■ The indictment did not charge that the defendant bought, received, concealed or aided in concealing the property described therein, knowing that it had been stolen from the store or warehouse of the E-Z Food Shop, therefore, the finding of the jury that the value of the property was less than $25.00 amounted to a conviction for a misdemeanor and punishment for a felony was unauthorized. Moncrief v. State, 32 Ala.App. 334, 26 So.2d 120. See also Wiggins v. State, 31 Ala.App. 50, 12 So.2d 756. In Moncrief the judgment was reversed because of the trial court's charge to the jury. The charge in the instant case was likewise erroneous but no exception was reserved thereto. It is our opinion that the judgment should be affirmed but that the cause must be remanded to the trial court for proper sentence under the provisions of Section 334, Title 14, Code, supra. Gandy v. State, 35 Ala.App. 299, 46 So.2d 247. Attention is called to the fact that under the provisions of this Section the trial judge cannot impose a fine. Gandy v. State, supra.

■ Defense counsel argues for reversal the trial court's action in giving to the jury two charges at the request of the State in writing: The first charge complained of reads:

"No. 3. Gentlemen, the State is not required to prove the defendant's guilt to an absolute or mathematical certainty but only to a moral certainty and if the jury is morally certain of the defendant's guilt, you should find him guilty."

This charge was held good in Simmons v. State, 158 Ala. 8, 48 So. 606. The Simmons case has been overruled on another point, Ex parte Davis, 184 Ala. 26, 63 So. 1010; Moss v. State, 190 Ala. 14, 67 So. 431, but we have not found that this charge has been disapproved.

The second charge of which complaint is made reads:

"Charge No. 6. I charge the jury that the value of a check is the amount for which it is drawn and if you believe beyond a reasonable doubt that the check was a good check, that it had been stolen, that the defendant was concealing it or was aiding in concealing it, knowing it was stolen or having reasonable grounds for believing it was stolen and not having the intention to restore it to the owner, then you must find the defendant guilty."

■ At common law a check was not the subject of larceny, it not being considered property. Wharton's Criminal Law and Procedure, Vol. 2, Sec. 491, p. 158.

■ Under Section 2, Title 1, Code 1940, the term "personal property includes money, goods, chattels, things in action and evidence of debt, deeds and conveyances." A thing in action is commonly termed a chose in action, Peavy Lumber Company v. Murchison, 272 Ala. 251, 130 So.2d 338, and a check is a chose in action, Tarrant American Savings Bank v. Smokeless Fuel Co., 233 Ala. 507, 172 So. 603. So that, a check is the subject of larceny under Section 331, Title 14, Code, supra. See Shannon v. Simms, 146 Ala. 673, 40 So. 574; Johnson v. State, 159 Ala. 113, 48 So. 792.

Under a statute providing that checks and other instruments are subject of larceny, " * * * both an unindorsed check payable to order and one indorsed in blank are subjects of larceny, and the same is true of an undelivered check, for even an undelivered and unindorsed check, although of no value to the taker is of value to the payee." 32 Am.Jur. Larceny Sec. 77, p. 989. See also State v. McClellan, 82 Vt. 361, 73 A. 993, 23 L.R.A.,N.S., 1063; Worsham v. State, 56 Tex.Cr.R. 253, 120 S.W. 439.

■ The face amount of a check is *prima facie evidence* of its value. First National Bank of Montgomery v. Mont-

gomery Cotton Mfg. Co., 211 Ala. 551, 101 So. 186; Felkner v. State, 218 Md. 300, 146 A.2d 424.

In Felkner v. State, supra, the court said:

"The rule would seem to be that if the check is an existing valid obligation when stolen, its value is the amount for which it is drawn, but also that it may be shown to be worth less than the amount for which it is drawn, or may be shown to be worthless, even if it is in form a valid check."

■ Since the value of a check is the subject of inquiry and proof and is a question for the jury to determine, a charge stating that "the value of a check is the amount for which it is drawn" is invasive of the jury's province. However, under the undisputed evidence as to the value of the money orders and since the conviction was for a misdemeanor the giving of this charge was not harmful to the defendant.

It is ordered that the judgment below be affirmed and the cause remanded for proper sentence.

Affirmed. Remanded for proper sentence.

CATES, J., concurs in result.