No. 96.—CLARK BREWER, plaintiff ·in error, vs. ETHAN BREWER and ELISHA BREWER, executors of DREWRY BREWER, deceased.

[1.] Where an acknowledgment was written on the back of a note, in the following words: "I do hereby acknowledge the credit of three hundred and thirty-two 30-100 dollars, to be due to the estate of Drewry Brewer, deceased. August 5th, 1847. Signed, Clark Brewer:" *Held*, that the instrument might be declared on, and offered in evidence as a due-bill, and that the plaintiffs *need not prove the consideration for which it was given.*

[2.] Where it appeared that the father of the defendant, by his last will and testament, bequeathed to him "the money advanced for him," and that the notes sued on were given by the defendant to the testator for money so advanced: *Held*, that at Law, the executors of the testator had the right to recover the amount of the notes ·from the defendant by suit, notwithstanding the estate of the testator was solvent, and able to pay all the debts and specific legacies bequeathed by the will, and when so recovered, *to dispose of the proceeds in the due course of administration under the will.*

Assumpsit and debt, in Jasper Superior Court. Tried before Judge MERRIWETHER, October Term, 1849. Consolidated in the Supreme Court.

The executors of Drewry Brewer, deceased, commenced suit against Clark Brewer, on the following instrument:

$749 00. On or before the twenty-fifth of December next, we or either of us do promise to pay Elner Skinner, or bearer, seven hundred and forty-nine dollars, for value received. May 24, 1838.

[Signed,]	CLARK BREWER,
	ETHAN BREWER, Security.

Received, May 29th, 1838, of the within note, three hundred and thirty dollars and fifty cents.

Received sixty dollars. December 21st, 1838.

[Signed,]	E. SKINNER.

Received on the within note, sixty-five dollars. March 13th, 1839.	ELNER SKINNER,
	by J. A. Simonton.

I do hereby acknowledge the credit of three hundred and thirty-two 30-100 dollars, to be due to the estate of Drewry Brewer, deceased. August 5th, 1847.

[Signed,]	CLARK BREWER.

On the trial, defendant below objected to this document going in evidence, on the ground that the acknowledgment was not a promissory note, and, therefore, it was necessary to show the consideration for which the acknowledgment was made. The Court overruled the objection, and defendant excepted.

The defendant below offered to prove, that the estate of Drewry Brewer was perfectly solvent, and able to pay all debts and specific legacies bequeathed by his will; also, the will of Drewry Brewer, the seventh clause of which bequeathed to Clark Brewer, among other things, "the money I (the testator) have advanced for him, say $1400."

The Court rejected the evidence, and defendant below excepted. On these exceptions error was assigned.

The executors of Drewry Brewer also commenced suit on a note made by Clark Brewer to Drewry Brewer, for $872 50. On the trial of this cause, the defendant proposed to give in evidence the will of Drewry Brewer, and to show that the note was given for money advanced by him, in his lifetime, to Clark Brewer. The Court rejected the evidence, and a writ of error was sued out to this decision.

The two causes were consolidated in the Supreme Court and argued together.

Cone and Reese & Nisbet, for plaintiff in error.

Wm. C. Dawson, for defendants.

*By the Court.*—Warner, J. delivering the opinion.

[1.] The two suits which have been consolidated and argued together in this Court, were instituted in the Court below, by the executors of Drewry Brewer against Clark Brewer, the defendant, on two separate instruments; one of which is admitted to be a promissory note, and the other was ruled by this Court to have been a due-bill, when formerly before it at the last May Term. See *Brewer vs. Brewer*, 6 *Ga. Rep.* 589. The objection to this due-bill, on the ground that it did not import a *consideration*, was, in our judgment, properly overruled. *Cary vs. McDougald*, 7 *Ga. Rep.* 85.

[2.] The defendant then offered to show, that the money due on

the instruments sued on, had been given for money advanced by Drewry Brewer, the testator, to him, and that the testator had, by a clause in his will, bequeathed to him the money advanced for him, say fourteen hundred dollars, and that the estate of Drewry Brewer was perfectly solvent, and able to pay all debts and specific legacies, bequeathed by his will. The object of this testimony, offered on the part of the defendant, was to defeat the recovery of the plaintiffs, who, as the executors of Drewry Brewer, were endeavoring to reduce to their possession the assets of their testator.

The Court below rejected the evidence, and, in our judgment, properly rejected it. The argument for the plaintiff in error is, that there exists no reason why the executors should be permitted to recover the amount of the notes from the defendant, inasmuch as the same is not wanted for the payment of debts or legacies, and that they will be compelled, ultimately, to refund it back to him as his portion of the legacy given him by his father's will. It is a sufficient answer to this argument to remark, that *the law* does not permit the defendant to withhold his specific legacy from the executors, without their *consent*, which is not pretended to have been given. *Toller*, in his *Law of Executors*, states the rule to be, "If, without the *assent* of the executor, the legatee take possession of the thing bequeathed, the executor may maintain an action of trespass against him. Nor even in a case of a specific legacy, whether a chattel, real or personal, be in the custody or possession of the legatee, and the assets be fully adequate to the payment of debts, has he a right to retain it, in opposition to the executor, by whom, in such case, an action will lie to recover it. Nor has such legatee authority to take possession of the legacy, without the executor's *assent*, although the testator, by his will, expressly directs that he shall do so; for if this were permitted, a testator might appoint all his effects to be thus taken, in fraud of his creditors." *Toller's Law of Executors*, 306.

At Law, the executors have the right to recover the amount of the notes from the defendants, as part of the *assets* of their testator's estate. That a Court of Equity might restrain their collection, upon a proper case made, we do not pretend to deny; but in a Court of Law, the estate of the testator must be settled in the *due course* of administration. This is the regular and safe

course, and we are not willing to create an *exception* to it, when the law does not create any.

Let the judgment of the Court below be affirmed.