# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1860.

---

### C. R. HOPSON v. WILLIAM BRUNWANKEL.

An instrument in the following words: "There is a balance due the bearer, four hundred and seventy-five dollars," imports that the sum therein mentioned is due from the maker; and the law implies a promise by him to pay it.

But if such instrument be addressed to a third person, it is to be regarded merely as the memorandum of a fact, or as conveying information of a fact, without legal significance, until explained ; and is not, of itself, a contract for the payment of money.

And it is for the jury to say, what the fact was, of which such instrument is a memorandum.

APPEAL from Victoria. Tried below before the Hon. Fielding Jones.

This was a suit by William Brunwankel against C. R. Hopson, for the amount alleged to be due him from the defendant, on an instrument of writing, made a part of his petition, of which the following is a copy, to wit:

"There is a balance due the bearer, four hundred and seventy-five dollars.

"C. R. HOPSON.

"To H. L. KINNEY.
"*Aug.* 15, 1852."

The defendant, in his answer, alleged that the writing sued on, was not intended as a writing obligatory, promise, or acknowledgment of indebtedness, from him to the plaintiff, but was a memorandum for the information of H. L. Kinney, to show the amount of the said Kinney's indebtedness to the plaintiff, as appeared upon the books of the concern, known as the "Tallow Factory."

In an amended answer, he alleged, that if the said writing was evidence of any indebtedness, it was the amount, at the date thereof, of the services rendered by the plaintiff in the beef and oil factory of Nueces county; and that the defendant and H. L. Kinney and John C. Watrous, were the partners in that concern, and were jointly liable for all the just debts and dues of the said partnership.

By other amended answers, it was alleged, that the instrument sued upon, was given for the information of H. L. Kinney, one of the partners in the said concern, by whom the plaintiff was individually employed, and who alone was to be responsible for the payment of his wages.

The plaintiff excepted to so much of the defendant's answer as set up the non-joinder of the other alleged partners in the said beef and oil factory; and the special contract between them, as partners, by which Kinney was to pay the plaintiff. These exceptions were sustained by the court.

The only evidence offered by the plaintiff, was the instrument of writing sued on.

The defendant gave in evidence the articles of partnership between the parties (Kinney, Watrous, Redgate, and the defendant,) composing the beef and tallow factory, the style of which was Hopson & Co.; from which it appeared, that Kinney and Watrous were to furnish the capital, Redgate was to superintend the machinery and process of manufacturing, and Hopson was to purchase cattle, and employ laborers; and that all payments were to be made by a disbursing agent, upon vouchers given by the defendant and Redgate.

The defendant also proved, that the plaintiff had stated to

a witness, that he had been engaged by the defendant to work for Kinney, and had done work for him in the factory, and in his garden; that he had pressed Kinney to pay him, and Kinney had told him to get a statement from the defendant of the amount due, and he would settle it; that he got a statement from the defendant, showing $475 to be due him, and again applied to Kinney; that Kinney gave him a horse on account; and he went to a lawyer to see how he could get the remainder, who told him that he could secure the debt, if he could get the paper dated; and that he again went to the defendant, and got the date added.

The court instructed the jury, that "if they believed that the writing sued on, was made by the defendant, Hopson, as evidence of the amount due and owing to the plaintiff, either by the defendant himself, or by the Tallow Factory Company, and that the defendant was a partner in said company, then they should find for the plaintiff the amount of the writing, unless they believed a portion had been paid; that whether the suit was brought in the right, or the wrong way, was a matter for the court, and was not before the jury."

The court also refused to instruct the jury, as requested by the defendant, "that if they believed, from the evidence, that the plaintiff was employed by H. L. Kinney, or his agent, to work for him, and the writing sued on was a mere memorandum, informing Kinney of the amount due by him on such hiring, then they should find for the defendant."

There was a verdict and judgment in favor of the plaintiff for $405; from which the defendant appealed.

*Allen & Hale*, for the appellant.

*W. S. Glass*, and *Ballinger & Jack*, for the appellee.

BELL, J.—We are of opinion, that the instrument upon which this suit is founded, is not a contract for the payment of money. If the writing were not addressed to a third person, it would be

regarded as an acknowledgment that the sum of money mentioned in the writing, was due from the maker of the instrument to the bearer, and the law would imply a promise by the maker of the instrument to pay the money. But the writing being addressed to a third person, can only be regarded as a memorandum of a fact, or as conveying information of a fact, without legal significance, until explained. The instrument, therefore, being necessarily open to explanation, it was for the jury to find what the fact was, of which the writing was a memorandum, or of which the writing was intended to convey information, or of which it was an acknowledgment, as the case might be.

In this view, we think the court below erred in refusing to give the first instruction asked by the counsel for the defendant. The instruction asked would have presented to the consideration of the jury, a view of the case fully warranted by the testimony; whereas, the refusal to give that instruction, and the instructions given by the court, had the effect to limit the jury, to a certain extent, in the construction which it was their duty to put upon the evidence. For the refusal of the court below to give the instruction to which we have referred, the judgment is reversed, and the cause remanded for another trial.

Reversed and remanded.