STUBENDORF AND COMPANY, PLAINTIFFS IN ERROR, V. FRED. SONNENSCHEIN AND W. E. KRAUSE, DEFENDANTS IN ERROR.

1. **Pleading:** PETITION. A petition which states that certain goods were sold and delivered by the plaintiffs to the defendants, sets forth a copy of the account, alleges that there are no credits thereon and no part thereof has been paid, and that there is due from the defendants to the plaintiffs a definite sum, is not subject to demurrer as not stating a cause of action.

2. ———: ———. The code makes the title of the cause a part of the petition, and renders it unnecessary to repeat the names of the parties in the body of the petition, it being sufficient to describe them therein as "the plaintiff" or "the defendant."

ERROR from the district court of Cuming county. Heard below by BARNES, J.

*J. C. Crawford,* for plaintiff in error.    The title of a case is as much a part of the petition as any other part. Code, sec. 89.  Moreover, this is a suit not against the partnership but the individual members.    *Smith v. Gregg,* 9 Neb., 213.

*M. McLaughlin,* for defendant in error, filed no brief.

MAXWELL, CH. J.

In September, 1880, the plaintiffs filed their petition against the defendants in the district court of Cuming county, to recover the sum of $109.60 upon an account. The defendants demurred to the petition upon the ground that the facts stated therein were not sufficient to constitute a cause of action.  The demurrer was sustained, and the action dismissed, to which the plaintiffs excepted, and now assign the same for error.    The following is a copy of the petition :

" Stubendorf & Co.,
    a firm doing business in
    the State of Nebraska,
    not incorporated,
                    *Plaintiffs,*

                v.

Fred. Sonneschine and W.
    E. Krause, late co-part-
    ners trading under the
    name and firm of Fred.
    Sonneschine,
                    *Defendants.*

The plaintiffs say:

1.  Their cause of action is founded upon an account for goods and merchandise sold and delivered by the plaintiffs to the defendants at Omaha, Nebraska, at their special instance and request. . A copy of said account is hereto attached, marked Exhibit A, and made a part of the petition.

2.  There are no credits thereon, and no part thereof has been paid.

3.  There is due the plaintiffs from the defendants, on said account, the sum of $109.60, with interest at legal rate from September 9th, 1879. Wherefore plaintiffs pray judgment against the defendants for the sum of $109.60, with lawful interest thereon from September 9th, 1879." A copy of the account is attached to the petition.

Section 129 of the code of civil procedure provides that "in an action, counter-claim, or set-off, founded upon an account, promissory note, bill of exchange, or other instrument for the unconditional payment of money only, it shall be sufficient for the party to give a copy of the account, with all credits and endorsements thereon, and to state that there is due to him on such account or instrument, from the adverse party, a specified sum, which he claims with interest," etc. Gen. Stat., 544.

The petition alleges the sale and delivery of the goods described by the plaintiffs, to the defendants, at the times set forth in the account, sets forth a copy of the account, and alleges that there is due from the defendants to the plaintiffs a definite sum. This is sufficient, under the section above quoted, to entitle the plaintiffs to recover. The defendant Krause, after filing a demurrer jointly with his co-partner, Sonneschine, filed a separate demurrer, upon the ground that the facts stated in the petition

were not sufficient to show a cause of action against him.

The action is brought against Fred. Sonneschine and W. E. Krause, partners, etc. This description occurs only in the title of the petition, as in the body of the same they are styled merely defendants.

Section 92 of the code provides that "the petition must contain: *First*, the name of the court and county in which the action is brought and the names of the parties plaintiff and defendant," etc. Gen. Stat., 539. Judge Bliss, in his valuable work on Code Pleading, sec. 145, says: "The full names of both plaintiffs and defendants should be given as plaintiffs and defendants—not, as formerly, by describing them in the body of the pleading, but in the form of a title to the cause; and they may thereafter be referred to, without naming them, as 'the plaintiff' or 'the defendant.'" This, in our opinion, is a correct view of the law; and it is unnecessary to repeat the names in the body of the petition, but they may be described therein as plaintiff or defendant. It follows that the judgment of the district court must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.