ISAAC PEFLEY v. LEONORA Z. JOHNSON.

[FILED OCTOBER 7, 1890. ]

1. **Pleadings:** LIBERAL CONSTRUCTION. Under the Code, pleadings are to be liberally construed, and if with such construction a petition states a cause of action against a defendant and in favor of the plaintiff, a demurrer thereto should be overruled.

2. **Petition:** EXHIBIT MADE PART OF. The facts on which a plaintiff bases his right to recover should be stated in a systematic and orderly manner, and not by making a mere exhibit a part of the petition. An exhibit, however, if made a part of a petition, is to be considered, and if the facts therein stated, in connection with those in the petition proper, show a liability of the defendant to the plaintiff, a demurrer that the facts stated therein are not sufficient, cannot be sustained.

ERROR to the district court for Douglas county. Tried below before DOANE, J.

*J. W. West,* for plaintiff in error, cited : *Rathbun v. R. Co.,* 16 Neb., 442.

*Holmes, Wharton, & Baird, contra,* cited: *Larimore v. Wells,* 29 O. St., 13; *McCormick Machine Co. v. Glidden,* 94 Ind., 447; *McCampbell v. Vastine,* 10 Ia., 538; *Crawford v. Satterfield,* 27 O. St., 421; Boone, Code Pleading, sec. 27.

MAXWELL, J.

A demurrer to the petition was sustained in the court below and the action dismissed. The question presented to this court is, "Does the petition, when construed liberally as required by the Code, state a cause of action?" The petition, and exhibit which is made a part of it, is as follows:

"Plaintiff for cause of action states that on or about
34

the 2d day of April, 1888, plaintiff entered into a contract in writing with defendant, Leonora Z. Johnson, a copy of which contract is hereto attached marked 'Exhibit A,' and made a part hereof; that by the terms of said contract there was due from defendant to plaintiff on the 2d day of February, 1889, the one certain payment in the sum of $410, with interest at the rate of eight per cent on the sum of $2,950 from the 2d day of April, 1888, and interest thereon to date, all of which is now due and unpaid.

## "Exhibit A.

"This agreement, made the 2d day of April, A. D. one thousand eight hundred and eighty-eight, between Isaac Pefley and J. K. Reid, the party of the first part, and Leonora Johnson, party of the second part, witnesseth: That said party of the first part agrees to sell to said party of the second part, and the said party of the second part agrees to purchase of the said party of the first part, on the terms hereinafter mentioned, the following real estate, situate in the county of Sarpy, and state of Nebraska, known and described as lots 1 and 28, in block 3, in Union Pacific subdivision of blocks 6, 7, 8, and 9, in Albright's Choice Addition to South Omaha, as surveyed, platted, and recorded. The said party of the second part agrees to pay to the said Isaac Pefley for said land the sum of $5,000 in payments as follows: $2,950 upon the delivery of this contract and $410 September 2, 1888, $410 February 2, 1889, $410 September 2, 1889, $410 February 2, 1890, and $410 September 2, 1890. All of said payments bearing interest from date until paid at the rate of eight per cent per annum, interest payable semi-annually. So soon as said purchase money and interest shall be fully paid (time being the essence of this contract), the said party of the first part agrees to make to said party of the second part, his heirs and legal representatives, a valid title in fee simple to said land, and for that purpose shall execute and

deliver to him a good and sufficient warranty deed for the same, subject, however, to the taxes for A. D. 1888, and subsequent taxes, which said party of the second part agrees to pay when the same become due and payable.

"In case said party of the second part shall refuse or neglect to pay said purchase money and interest as agreed herein, he shall forfeit any rights he may have to said land, and also shall forfeit any money paid by him to said party of the first part to purchase the same, unless the said party of the first part shall elect otherwise.

"The parties respectively bind their heirs and legal representatives to the faithful performance of the terms of this agreement.

"The said party of the second part shall be entitled to the possession of said land so long as he shall comply with the foregoing terms of sale; but upon a failure to comply with the same his right to the possession shall terminate, and he shall surrender the possession of said land and the improvements thereon, if any, to the said party of the first part.

"In witness whereof, the said parties have hereunto set their hands, the day and year first above written.

"ISAAC PEFLEY.
"J. K. REID.
"LEONORA Z. JOHNSON."

We do not approve of the practice of making a mere exhibit a part of a petition. It is better to make a direct statement of the facts in the order in which they occur. This is the direct and orderly method which a good pleader will observe. Where, however, an exhibit is made a part of a petition, and there are allegations therein tending to show a liability of the defendant to the plaintiff, such allegations cannot be disregarded. For the purposes of the demurrer they must be taken as true. It is therefore admitted that there was due from the defendant to the plaintiff the sum of $410, with interest.

We place no stress upon the provision in contract that time shall be the essence thereof.

By bringing an action to recover the money the plaintiff has waived his right to declare a forfeiture, if, indeed, such right ever existed. The defendant evidently has made a large payment on the land and has a strong equity therein. He is still indebted, however, for the unpaid purchase money and plaintiff has a right to recover the same. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.