H. C. McArthur et al. v. H. T. Clarke Drug Company.

Filed June 16, 1896.    No. 6735.

1. **Pleading**: Construction.  The allegations of a pleading must be liberally construed.  (Code of Civil Procedure, sec. 121.)

2. **Action on Account**: Pleading.  In an action founded upon an account it is sufficient for the plaintiff to give a copy of the account with all credits and indorsements thereon and to state that there is due to him on said account from the defendant a specified sum which he claims with interest.  (Code of Civil Procedure, sec. 129.)

3. **Assumpsit**: Petition: Copy of Account.  In a suit on an account for goods sold and delivered, where the petition is framed under said section 129 and there is attached to such petition a copy of the account sued on, such account must be considered as a part of the petition when construing the allegations thereof.

4. ———: ———.  In such case, if the facts stated in the account taken in connection with those stated in the petition show a liability of the defendant in favor of the plaintiff, a demurrer, on the grounds that the petition does not state a cause of action, cannot be sustained.

5. **Pleading**: Demurrer.  A party who stands upon a general demurrer to a pleading thereby admits all the material facts averred and must take the consequences which result from such admission.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*W. B. McArthur*, for plaintiffs in error.

*Pound & Burr, contra.*

RAGAN, C.

In the county court of Lancaster county the H. T. Clarke Drug Company sued Henry McArthur and William B. McArthur, partners doing business under the firm name of McArthur & Son.  The suit was brought to recover a sum which the drug company claimed was owing to it from McArthur & Son for certain merchandise sold and delivered by the former to the latter.  To the peti-

tion filed by the drug company McArthur & Son filed a general demurrer, which was overruled by the county court, and, McArthur & Son refusing to plead further, judgment was rendered in favor of the drug company. To reverse this judgment McArthur & Son prosecuted a petition in error to the district court, which tribunal affirmed the judgment of the county court, and McArthur & Son have filed a petition in error here to review the judgment of the district court.

1. The petition of the drug company, so far as material here, was as follows: "The plaintiff complains of the defendants and for cause of action alleges: That it is a corporation existing under and by virtue of the laws of the state of Nebraska, and the defendants are a partnership doing business in Lincoln, Nebraska, and at various times between the 1st day of December, 1892, and the 1st day of July, 1893, was delivered to the defendants at their request goods, wares, and merchandise and drugs of the value of $401.96. Plaintiff further says that $401.96 is a just and reasonable charge for the goods delivered, and that although they have often demanded payment therefor, no part thereof has been paid by said defendants. Wherefore plaintiff prays judgment in the sum of $401.96 and interest from July 1, 1893, and costs of this action. An itemized statement of said account is hereto attached and made a part hereof." The itemized statement attached to the petition, so far as the same is material here, is as follows:

"STATEMENT.

"H. T. CLARKE DRUG COMPANY,

"Wholesale Druggists,

"Cor. 8th and P Streets,

"Importers and Jobbers of Dry Paints, Oils, Glass, Stationery and Druggists' Sundries.

"LINCOLN, NEBR., 8-22-93.

"Mr. McArthur & Son, City, Dr.

"1892.

"Dec. 1st. To merchandise.................... $9 14."

Then follow dates up to and including April 13, 1893, opposite which are various charges aggregating $757.33. Then come the credits on the statement, as follows:

"Cr.

"March 9th. Merchandise returned............ $3 23

"March 9th. Merchandise returned............    93"

Then followed dates up to and including June 23, opposite each of which are certain credits in money, the total aggregating $355.37. The difference between the total debits and credits is taken and shown on the statement as $401.96. The question is whether this petition states a cause of action in favor of the drug company and against McArthur & Son. It is insisted that it does not, because there is no allegation in the petition that the goods sued for were sold and delivered by the plaintiff to the defendants at the latter's request, and *Stubendorf v. Sonnenschein*, 11 Neb., 235, is cited as sustaining this contention. In that case the names of the parties thereto appeared only in the title to the case, and it was insisted that the title of the case was no part of the petition, and that, therefore, the latter did not state a cause of action, because the names of the parties to the suit were not repeated in the body of the petition, and this was the only point decided in the case. Another case cited to sustain the contention here is *Tessier v. Reed*, 17 Neb., 105. The petition considered in that case was in the following language: "The plaintiff complains of the defendant, and for cause of action says that there is now due and owing from the defendant to the plaintiff, for goods, wares, and merchandise heretofore sold and delivered by the plaintiff to the defendant, the sum of $348." It was probably objected to this petition, though the opinion does not so state, that it did not allege when the goods sued for were sold and delivered to the defendants, nor were so sold and delivered at their request. The court held that the petition was subject to a motion to make definite and certain, but that as it showed a liability of the defendant in favor of the plaintiff, it was good

as against a general demurrer.    Section 121 of the Code of
Civil Procedure provides: "In the construction of any
pleading, for the purpose of determining its effects its al-
legations shall be liberally construed, with a view to sub-
stantial justice between the parties." The petition under
consideration was probably framed under section 129 of
the Code of Civil Procedure, which provides: "In an action
*   *   *   founded upon an account   *   *   *   it shall be
sufficient for the party to give a copy of the account   *   *
with all credits and indorsements thereon, and to state
that there is due to him on such account or instrument
from the adverse party a specified sum, which he claims,
with interest." This is section 5086—formerly 122—of
the Code of Civil Procedure of the state of Ohio, and sec-
tion 123 of the Code of Civil Procedure of the state of
Kansas.

1 Kinkead on Code Pleading, at section 58, in discuss-
ing this section and quoting from Judge Swan, says:
" 'It is sufficient here to say that the better practice is to
insert the copy in the pleading of such money instru-
ments as are described in section 122 [Ohio Code] when-
ever a party states his cause of action in the manner al-
lowed by that section; and that if it is not so inserted
and attached, but referred to in the pleading as annexed,
it will also be sufficient; and the court will in such case
treat the annexed copy as a part of the pleading itself,
under that section, inasmuch as the allegations of the
pleading authorized by that section are upon the copy
whether embodied in the pleading or annexed, and the
copy therefore necessarily forms a part of the pleading
by force of the section.' "   (See, also, *Ohio Life Ins. & Trust
Co. v. Goodin*, 1 Handy [O.], 31; *Memphis Medical College v.
Newton*, 2 Handy [O.], 165.)

In *State v. School District*, 8 Pac. Rep., 208, the supreme
court of Kansas, construing the section of the Code under
consideration, said: "Where an instrument in writing
for the payment of money is sued on, and a copy of such
instrument is attached to the petition and made a part

thereof, such copy should be considered as a part of the petition when construing the allegations thereof."

In *Rathburn v. Burlington & M. R. R. Co.*, 16 Neb., 441, it was held that if the language of a petition, when given its ordinary meaning, shows a liability of the defendant in favor of the plaintiff it states a cause of action. (See, also, *Tessier v. Reed*, 17 Neb., 105.)

In *Pefley v. Johnson*, 30 Neb., 529, it was held that an exhibit made a part of a petition is to be considered, and if the facts therein stated, in connection with those in the petition proper, show a liability of the defendant in favor of the plaintiff, a demurrer on the grounds that the petition does not state a cause of action cannot be sustained. (See, also, *George v. Edney*, 36 Neb., 604.)

"A party who stands upon his general demurrer to a pleading, thereby admits the material facts averred and must take all the consequences which result from such admission." (*People v. Weston*, 3 Neb., 312.)

Reading the petition of the drug company in connection with the itemized statement attached thereto it is alleged that there was delivered to McArthur & Son goods of the value of $757.33; that this sum is a just and reasonable charge for the goods delivered; that they had paid on these goods $355.37, and that they were debtor to the Clarke Drug Company for the goods delivered in the sum of $401.96. A debtor is one who owes, therefore McArthur & Son by the demurrer admit that they owe the Clarke Drug Company $401.96 for the goods. In the language of *Pefley v. Johnson, supra*, then, the allegations in the petition and the itemized statement of account attached thereto show a liability of McArthur & Son to the drug company and therefore the petition states a cause of action notwithstanding the fact that there is no allegation therein that the goods were sold or delivered by the Clarke Drug Company.

2. It is also argued here that the district court erred in rendering judgment in favor of the drug company for interest from July 1, 1893, as the last item in the account

bears date April 13, 1893, and that interest does not begin to run until six months from the date of the last item in the account. There are two answers to this contention: (1.) This point was not made in the petition in error filed in the district court to review the judgment of the county court, nor is it made in the petition in error filed here. Alleged errors not assigned in the petition in error will be disregarded. (*Erck v. Omaha Nat. Bank*, 43 Neb., 613.) (2.) Neither the county court nor the district court rendered a judgment against McArthur & Son in favor of the drug company for any interest on this account whatever. The judgment of the county court was pronounced on the 9th of September, 1893, and was simply for $401.96, with interest from that date. The district court simply affirmed this judgment. The judgment of the district court is

AFFIRMED.