C. F. Eiseley v. C. F. Taggart, Receiver for Omaha
Hardware Company.

Filed November 18, 1897. No. 7617.

1. **Contracts: Actions: Description of Plaintiff: Objections.** A de-
   fendant cannot object that the description by which the contract
   sued upon was entered into by plaintiff is not a sufficiently full de-
   scription of such plaintiff and of the capacity in which he brings
   his action.

2. **Pleading: Description of Parties: Objections.** A plaintiff who,
   in his petition, has been sufficiently described in the title of the
   case need only be referred to as plaintiff in the statement of the
   facts constituting his cause of action or in his prayer for relief.

Error from the district court of Madison county.
Tried below before Robinson, J. *Affirmed*.

*Mapes & Hazen,* for plaintiff in error.

*George N. Beels* and *Beels & Schoregge, contra.*

Ryan, C.

This action was begun in the county court of Madison
county, wherein there was a judgment in favor of the
plaintiff C. F. Taggart, receiver, etc. By petition in error
the same questions were presented in the district court
that are now urged for our consideration. These will now
be stated and determined on the line pursued by the con-
tending parties, both in their pleadings and briefs. In
the county court the plaintiff was described as "C. F. Tag-
gart, receiver for Omaha Hardware Co., plaintiff." The
plaintiff and defendant were parties to a draft accepted
by the last named party, in which draft the party first re-
ferred to was thus named: "Omaha Hardware Co., C. F.
Taggart, Rec." By a demurrer to the petition two ob-
jections were presented. Of these the first was that
"Plaintiff has not the legal capacity to sue;" the second
was, "That the petition itself does not state facts suffi-

cient to constitute a cause of action." The overruling of this demurrer presents the question to be considered.

The argument of the plaintiff in error in this court on the first of these propositions is that the petition was defective in not alleging the appointment of the receiver, by whom such appointment was made, and the existence of the receivership at the commencement of the action, so that issue might be joined upon one or more of these propositions. It is a sufficient answer to this contention to call attention to the fact that the plaintiff in error in the contract on which this suit was brought dealt with the defendant in error as being the receiver of the Omaha Hardware Co. The principle involved is analogous to that which forbids the maker of a note payable to a bank raising the question of the incorporation of such bank, and the right to raise such an issue has been denied by this court. (*Platte Valley Bank·v. Harding,* 1 Neb., 461; *Exchange Nat. Bank v. Capps,* 32 Neb., 242.)

The argument on the proposition that the petition does not state sufficient facts to constitute a cause of action is based upon the alleged failure to state that C. E. Eiseley, the acceptor of the draft, was the same person described as "Charles F. Eiseley, defendant," in the petition. It has been held by this court that a plaintiff or defendant is sufficiently described by naming him as such in the petition, and that afterwards in the petition it is sufficient for all purposes to refer to such party by that descriptive term. (*Stubendorf v. Sonnenschein,* 11 Neb., 235.) In the petition under consideration the averments as to the defendant, who in the title had been described as above stated, were, that defendant made the acceptance, had refused to make payment, and that there was due from him the sum for which judgment was prayed. This was sufficient not only to describe the defendant, but, as well, it served to identify him as the same party who had accepted the draft sued upon. The judgment of the district court is

AFFIRMED.