LINCOLN MORTGAGE & TRUST COMPANY ET AL., APPELLEES, V. JANE G. HUTCHINS, IMPLEADED WITH BADGER LUMBER COMPANY ET AL., APPELLANT.

FILED MAY 19, 1898.   No. 8128.

1. **Pleading:** COPY OF INSTRUMENT.   By section 129 of the Code of Civil Procedure any instrument for the unconditional payment of money only may be attached to and made part of a pleading founded thereon.

2. ――――: FORECLOSURE OF MORTGAGE.   An action to foreclose a mort-

gage is not based on an instrument for the unconditional pay-
ment of money only.

3. ——: ——: COPY OF INSTRUMENT. In an action of foreclosure
copies of instruments evidencing and securing the debt cannot
properly be made a part of a pleading by annexation and aver-
ment.

4. ——: ——: ——. But such copies, under appropriate aver-
ment, may become, and will be considered, part of a pleading to
which they are attached unless stricken out on motion.

5. ——: STRIKING OUT MATTER: REVIEW. The refusal of a court to
strike redundant and irrelevant matter from a pleading is not
reversible error unless it affirmatively appears that the rights
of the moving party are prejudiced thereby.

APPEAL from the district court of Lancaster county.
Heard below before HALL, J.  *Affirmed.*

*A. B. Coffroth,* for appellant.

*S. L. Geisthardt, contra.*

SULLIVAN, J.

This was an action in the district court of Lancaster
county to foreclose a real estate mortgage. The first
paragraph of the petition is as follows: "That hereto-
fore, to-wit, on December 18, 1889, the defendants Jane
G. Hutchins and Charles H. Hutchins executed and de-
livered to the Clark & Leonard Investment Company a
promissory note, with coupons annexed, a copy whereof,
with the unpaid coupons, is hereto annexed and made
a part hereof and marked 'Exhibit A.'" The Badger
Lumber Company, being a party defendant, filed a mo-
tion to strike from the paragraph of the petition above
quoted the words "and made a part hereof" for the al-
leged reason that the same were redundant and irrele-
vant. The motion was overruled, and a final decree
having been rendered in the case the appellant brings
the record here for review.

The correctness of the ruling on the motion to strike
is the only question presented for decision. The motion,
it will be observed, did not assail the plaintiffs' right to

attach the copies to the petition, but was directed only against the attempt to make them a substantive part of the pleading. By section 129 of the Code of Civil Procedure, any instrument for the unconditional payment of money only may be attached to and made a part of a pleading founded thereon. But this action does not fall within the provisions of that section. It is not founded on an instrument for the unconditional payment of money only. Its purpose is to ascertain the amount of the plaintiffs' claim and appropriate the land described in the mortgage to its payment. In an action of foreclosure there is no authority in the statute for making attached copies part of the petition or answer, and a party cannot properly make out his case by reference to such copies. The essential facts upon which the right of recovery depends should be stated in the pleading. (*Post v. Garrow*, 18 Neb. 682.) Still, it has been held in this state, contrary to the great weight of authority elsewhere, that attached copies become a part of the pleading when they are made so by averment. (*Pefley v. Johnson*, 30 Neb. 529.) From this it results that the words which the defendant sought to have stricken out were not, strictly speaking, redundant or irrelevant. The motion lacked technical adaptation to the purpose to be attained, and there was, therefore, no error in refusing to sustain it.

But even if the court had erred in overruling the motion, a reversal of the judgment would not follow. A party has no absolute right to have his adversary's pleadings pruned to suit his fancy. A reviewing court will only interfere in such matters where it appears that the denial of a motion to correct a pleading was not only erroneous, but prejudicial to the substantial rights of the moving party. (*Keesling v. Watson*, 91 Ind. 578; *McFall v. Machine Co.*, 90 Ind. 148; *Walker v. Larkin*, 127 Ind. 100, 26 N. E. Rep. 684; *Haug v. Haugan*, 51 Minn. 558, 53 N. W. Rep. 874; *Madden v. Minneapolis & St. L. R. Co.*, 30 Minn. 453, 16 N. W. Rep. 263; *Columbus & W. R.*

*Co. v. Bridges,* 86 Ala. 448, 5 So. Rep. 864; *Goldsmith v. Picard,* 27 Ala. 142.) The judgment of the district court is

AFFIRMED.