FIRST NATIONAL BANK OF CHADRON, APPELLEE, V.
GEORGE ENGELBERCHT ET AL., IMPLEADED WITH
WILLIAM K. MILLER, APPELLANT.

FILED DECEMBER 22, 1898.   No. 8444.

1. **Mortgage Foreclosure:** NATURE OF ACTION. An action to foreclose
a mortgage securing payment of a promissory note is not one
founded upon an instrument for the unconditional payment of
money only, within the meaning of section 129 of the Code of
Civil Procedure. *Lincoln Mortgage & Trust Co. v. Hutchins,* 55 Neb.
158, followed.

2. ——: ——: PLEADING: COPY OF INSTRUMENT: EXHIBITS. An
action to foreclose a mortgage securing a debt evidenced by
a writing is one founded on a written instrument as evidence
of indebtedness, within the meaning of section 124 of the Code
of Civil Procedure; and a copy of such evidence of the indebt-
edness must be attached to and filed with the pleading, and if
not so attached and filed the petition must assign a sufficient
reason therefor.

3. ——: PLEADING: COPY OF INSTRUMENT. The object of said sec-
tion of the Code in requiring copies of written instruments, upon
which a suit is founded, to be attached to and filed with the
petition, is to furnish the opposite party with a copy of the evi-
dence of indebtedness sued on for his inspection and to enable
him to prepare his defense.

4. **Denial of Statutory Right:** REVIEW. The denial to a litigant of
a right expressly conferred upon him by statute, which right he
has not waived and which he has demanded in due time and in
a proper manner, is reversible error.

5. **Mortgage Foreclosure:** PETITION: COPY OF NOTE. In a suit to
foreclose a mortgage given to secure payment of a promissory
note the note was not incorporated into and made a substantive
part of the petition. A copy of the note was not attached to the
petition and by express averment made a part thereof. A copy
of the note was not attached to and filed with the petition, nor
did the latter aver any reason why the last was not done. *Held,*
That the overruling of a motion of defendant to require the plain-
tiff to attach to and file with his petition a copy of the note was
reversible error.

6. ——: ——: ——: EXHIBITS. In a suit to foreclose a mortgage
securing the payment of a debt evidenced by another written
instrument, neither the evidence of the debt nor the mortgage
which secures its payment need be incorporated into the petition,

nor need a copy of either the note or mortgage be attached to the petition and made a part thereof by express averment, nor need a copy of the mortgage be attached to the petition, but only a copy of the evidence of the indebtedness should be attached to and filed with the petition.

APPEAL from the district court of Sioux county. Heard below before KINKAID, J. *Reversed.*

*R. C. Noleman*, for appellant.

*Albert W. Crites, contra.*

RAGAN, C.

In the district court of Sioux county the First National Bank of Chadron brought suit against George Engelbercht, William K. Miller, and others to foreclose an ordinary real estate mortgage given to secure payment of a promissory note. The bank had a decree as prayed, and Miller has brought the judgment here for review.

In its petition the bank set forth with sufficient particularity the facts of the execution and delivery to it of the note and mortgage and the facts of the maturity and non-payment of the note which the mortgage was given to secure. The note was not copied into the petition. No copy of it was attached thereto and filed with the petition, nor did the latter aver any reason why a copy of the note was not so attached and filed. Miller moved the court for an order compelling the bank to attach and file with its petition a copy of the note on which its action was predicated. This motion was overruled, and the correctness of this ruling is the only question presented by this record. Two sections of our Code deal with the subject of copies of instruments sued upon. Section 129 provides: "In an action, counter-claim, or set-off, founded upon an account, promissory note, bill of exchange, or other instrument, for the unconditional payment of money only, it shall be sufficient for the party to give a copy of the account or instrument, with all credits and indorsements thereon, and to state that

there is due to him on such account or instrument, from the adverse party, a specified sum, which he claims with interest." It is to be observed that this section deals with an action founded upon an account or upon some instrument for the unconditional payment of money only; and in such an action the pleading is declared to be sufficient if the pleader gives a copy of the account or instrument, with all credits and indorsements thereon, and states that there is due him on such account or instrument, from the adverse party, a specified sum, which he claims with interest. (*McArthur v. Clarke Drug Co.*, 48 Neb. 899.) This section of the Code doubtless contemplates that a copy of the account or instrument should be attached to the pleading. It does not provide that such account or instrument shall be incorporated into and thus made a substantive part of the pleading, nor that a copy of the account or instrument shall be attached to the pleading and by express averment made a part thereof. Nevertheless, in an action founded on an account or an instrument for the unconditional payment of money only, if the account or instrument be made a substantive part of the pleading, or if a copy of the account or instrument be attached to the pleading and made a part thereof, it satisfies the requirements of the Code, since the object of the section is to give the adverse party an opportunity to inspect the account or instrument upon which the suit is based. (*McArthur v. Clarke Drug Co.*, *supra.*) While such a pleading might be vulnerable to a motion, because the account or instrument was incorporated into the pleading and made a substantive part thereof or attached thereto and made a part thereof, the pleading would nevertheless be good against demurrer. But an action to foreclose a mortgage is not founded upon an instrument for the unconditional payment of money only, and therefore whether a copy of the note should be attached to the petition in such an action is not to be determined from this section of the Code.

In *Lincoln Mortgage & Trust Co. v. Hutchins*, 55 Neb. 158, SULLIVAN, J., speaking for this court, said: "By section 129 of the Code of Civil Procedure any instrument for the unconditional payment of money only may be attached to, and made a part of, a pleading founded thereon. But this action does not fall within the provisions of that section. It is not founded on an instrument for the unconditional payment of money only. Its purpose is to ascertain the amount of the plaintiff's claim and appropriate the land described in the mortgage to its payment." The suit was one to foreclose an ordinary real estate mortgage, and copies of the note and mortgage were attached as exhibits to the petition and made a part thereof. A motion was made in the court below to strike these exhibits from the petition on the ground that they were redundant and irrelevant. The district court overruled the motion, and its action in that respect was the only thing complained of in this court. The action of the district court was sustained on the authority of *Pefley v. Johnson*, 30 Neb. 529, which holds that an exhibit attached to a pleading and by express averment made a part thereof is to be considered in connection with the other averments of the petition. But in *Pefley v. Johnson* the action was based upon a written contract for the unconditional payment of money only. The contract was annexed as an exhibit to the petition and by express averments made a part thereof. No motion was submitted to this petition because this contract was thus made a part thereof, but the petition was attacked by demurrer, and it was held that the petition stated a cause of action, notwithstanding the instrument sued on was attached as an exhibit and made a part of the petition, instead of being attached thereto as a mere copy. The decision rests upon the principle of liberal construction of pleading as required by section 121 of the Code. The ruling of the district court in *Lincoln Mortgage & Trust Co. v. Hutchins, supra,* was also sustained upon the theory that even if the action of the

22

district court was error it was not prejudicial. In this conclusion we were certainly correct, for reasons which will be presently stated.

The other section of our Code which deals with copies of instruments to be attached to pleadings is section 124, providing: "If the action, counter-claim or set-off be founded on an account or on a note, bill, or other written instrument as evidence of indebtedness, a copy thereof must be attached to and filed with the pleading. * * * If not so attached and filed, the reason thereof must be shown in the pleading." Now a suit to foreclose a mortgage securing payment of a promissory note is an action founded on a written instrument which is the evidence of the indebtedness, and therefore a copy of such an instrument should be attached to and filed with the petition; or, if not so attached and filed, the pleader must aver a sufficient reason for the omission. In *Lincoln Mortgage & Trust Co. Case* copies of the note and mortgage were attached to and filed with the pleading. The only objection made was that they were made a part of the pleading, but since the purpose of this section of the Code, requiring a copy of a note to be attached, is to furnish the opposite party with a copy of the evidence of the indebtedness sued on, for inspection, and to enable him to prepare his defense, it was held in that case that that object was accomplished quite as well by making the attached copy a part of the petition as it would have been had it been attached and filed without making it a part of the petition, and therefore the refusal of the district court to strike was, if error at all, error without prejudice. And in the case at bar, if the note sued on was incorporated in the petition, or if a copy was annexed as an exhibit, and by express averment made a part of the petition, then the action of the district court in overruling Walker's motion, if error at all, would have been error without prejudice, because the very object and purpose of the Code would have been subserved, though its requirements would not have been

literally complied with. But in the case at bar the note made the basis upon which this action was founded was not incorporated in the petition. A copy was not attached to and made a part of the petition, and no copy was attached merely as such, nor is any reason given why it was not. The court then erred in overruling this motion. The defendants below were entitled to have a copy of the evidence of the indebtedness sued on attached to the petition for their inspection, and to enable them to understand the nature and character of that evidence and to prepare their defense if they had one. This section 124 of the Code is designed as a substitute for the old common-law petition of oyer, and while it is not good pleading to copy or incorporate the written instrument into the pleading, nor to attach a copy thereof to the pleading making it a part thereof, and while it is also true that when a copy of an instrument is filed as required by section 124 of the Code it forms no part of the pleading itself, still, the defendant in this action was entitled to have a copy of the note sued on attached to and filed with the plaintiff's petition, in the absence of an averment in the petition showing a sufficient reason why this was not done. The proper practice and the one authorized and required by the Code in foreclosing an ordinary mortgage securing the payment of a debt evidenced by another written instrument is to set out in the pleading the facts relating to the contracting of the debt, the execution and delivery of the writing which evidences it, the execution and delivery, recording, etc., of the mortgage given to secure the payment of the debt, and the facts showing a breach of the contract, and the facts whereby the pleader has become entitled to have the mortgage foreclosed. Into such a petition neither the evidence of the debt nor the mortgage which secures its payment should be incorporated, nor should a copy of either the note or mortgage be attached to the petition and made a part thereof by express averment, nor should a copy of the mortgage

be attached to the petition at all, but a copy of the note or evidence of the indebtedness only should be attached to and filed with the petition. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.