IVEL W. MILLER, APPELLEE, V. CLAUDE C. JONES, APPELLANT.

290 N. W. 467

FILED MARCH 1, 1940. No. 30731.

*Waring & Waring,* for appellant.

*Sloans, Keenan & Corbitt, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and JOHNSEN, JJ., and ELLIS, District Judge.

SIMMONS, C. J.

Plaintiff owned a bakery at Fort Morgan, Colorado. In the spring of 1928, he sold the bakery to the defendant. There was no written contract. Full payment of the purchase price was not made. On December 5, 1933, defendant owed the plaintiff $1,300. On that date, defendant "wrote" the following on the back of an envelope and "handed" it to the plaintiff: "Dec. 5. 1933. This is to certify that I, Claude C. Jones, owe I. W. Miller Thirteen Hundred Dollars

($1,300) Claude C. Jones." Defendant has paid no part of said sum.

Plaintiff's amended petition herein contained the usual caption, the names of the parties, and the following:

"Comes now plaintiff herein and for cause of action against the defendant alleges as follows:

"1. That on or about the 5th day of December, 1933, the defendant promised for a good and valuable consideration to pay, in writing, to the plaintiff the sum of $1,300.00; said instrument being in words and figures as follows:" (The instrument above set out is copied verbatim.)

2. (Alleges the residence of the parties.)

"3. That due demand has been made upon the defendant to pay said $1,300, with interest, and that the defendant has failed, neglected and refused to pay the same.

"4. That there is due from the defendant to the plaintiff the total sum of $1,611.00."

The petition concluded with a prayer for judgment for $1,611, interest and costs.

The defendant demurred to the amended petition for the reason "that the same fails to state facts sufficient to constitute a cause of action" against him. This demurrer was overruled.

Defendant by objection and by motion in effect renewed this demurrer at the close of plaintiff's opening statement, at the offering of evidence by the plaintiff, and at the conclusion of plaintiff's case. Said demurrers, objections, and motions were overruled. Defendant states: "The theory (of the demurrer) was that the instrument sued on was not a promissory note and that it does not therefore import a consideration, and that the consideration must be alleged in the petition."

The defendant answered, preserved his demurrer, and denied the allegations of the petition.

Plaintiff testified to the facts recited in the opening paragraph of this opinion, to all of which defendant made repeated and timely objections, presenting the same reasons urged in the demurrer, and finally moved to strike the testimony for the same reason.

Defendant offered no evidence. Plaintiff moved for an instructed verdict, which was sustained, and judgment was entered. Defendant's motion for a new trial was overruled. Defendant appealing assigns as error the overruling of his demurrers to the petition and to the evidence; the admission of evidence of the original contract over objection; and the direction of a verdict for the plaintiff. These assignments then go to the sufficiency of the petition to state a cause of action and the competency and sufficiency of the evidence to sustain a judgment.

Defendant's first contention is that the instrument sued on is not a negotiable instrument. Plaintiff admits that contention; hence, it will not be discussed.

Defendant's next contention is that, in an action based upon a nonnegotiable instrument, the consideration must be alleged and proved. This calls for a construction of the statute with reference to pleadings, and a construction of the instrument.

"In an action, * * * founded upon an account, promissory note, bill of exchange, or other instrument for the unconditional payment of money only, it shall be sufficient for the party to give a copy of the account or instrument, * * * *and to state that there is due to him* on such account or instrument, from the adverse party, a specified sum, which he claims with interest." Comp. St. 1929, sec. 20-837.

It is evident that the legislature contemplated that the requirements of a pleading, applicable to accounts, promissory notes, and bills of exchange, shall apply to other instruments for the unconditional payment of money only. This court in construing this section of the statutes has said: "It is to be observed that this section deals with an action founded upon an account or upon some instrument for the unconditional payment of money only; and in such an action the pleading is declared to be sufficient if the pleader gives a copy of the account or instrument, with all credits and indorsements thereon, and states that there is due him on such account or instrument, from the adverse party, a specified sum, which he claims with interest."

*First Nat. Bank of Chadron v. Engelbercht,* 57 Neb. 270, 77 N. W. 685.

Wyoming has a statute in the main in the identical language of section 20-837, Comp. St. 1929. Presented with a similar problem of construction, that court held: " * * * where the instrument upon which the action, counterclaim, or set-off is founded is one for the unconditional payment of money only, whether negotiable or not, it is unnecessary, in the short form of pleading authorized by section 4406, to aver consideration for the promise or order." *Brown v. Cow Creek Sheep Co.,* 21 Wyo. 1, 126 Pac. 886. See, also, 8 C. J. 858; 10 C. J. S. 1186, sec. 565; 8 Am. Jur. 560, sec. 948; 4 Bancroft's Code Pleading, 3592, sec. 2065; *Prindle v. Caruthers,* 15 N. Y. 425; *Scott v. Esterbrooks,* 6 S. Dak. 253, 60 N. W. 850.

It follows that the petition herein is sufficient if the instrument set out falls within the statutory classification of an instrument for the unconditional payment of money only. That the instrument is unconditional and refers to money only need not be demonstrated.

We are called upon, not to name the instrument, but to determine its legal effect. Instruments, similar to the one here involved, have been variously held to be acknowledgments of debt, due bills, results of an account stated, and nonnegotiable promissory notes, from which a promise to pay and a valid consideration may be legally implied.

" * * * to be an instrument for the payment of money, it must be an instrument which acknowledges an absolute obligation to pay, not conditional or contingent; one, the execution of which being admitted, it would be incumbent on the plaintiff, in an action to enforce it, only to offer the instrument in evidence to entitle him to a recovery. In other words, an instrument that admits an existing debt." *Trepagnier & Bros. v. Rose,* 18 App. Div. 393, 46 N. Y. Supp. 397.

In *Shimel v. Williams,* 136 Misc. 464, 240 N. Y. Supp. 161, the instrument was an "I. O. U." It was held: "An express promise to pay is not necessary; an implied promise

arising from the existence of the debt is sufficient. * * * Accordingly, the legal presumption of a consideration which obtains with respect to negotiable notes does not attach to the instrument here. But none the less does the evidence of a consideration appear within the note as clearly as if it were expressed to have been given for 'value received' * * * for the instrument here is not merely the expression of a promise; it is the declaration of a debt. As such it constitutes an admission of every element which is necessary to create a valid debt, including a consideration. A promise there may be indeed without a consideration, but a debt without a consideration is a contradiction in terms."

In a note to his executors, a testator said: "You will pay Philip E. Gallagher five hundred ($500.00) dollars. I owe him that." It was held: "The words, 'I owe him that,' imply a debt, and there can be no debt in a legal sense without a consideration to support it. Both a debt and a consideration are implied in the words quoted." *Matter of Gallagher v. Brewster*, 153 N. Y. 364, 47 N. E. 450.

This court has said: "A debtor is one who owes." *McArthur v. Clarke Drug Co.*, 48 Neb. 899, 67 N. W. 861.

"Used in a business sense in correspondence or contracts between business men dealing with one another, the word (owing) naturally implies a legal obligation." *In re Bresler's Estate*, 155 Mich. 567, 119 N. W. 1104.

"To say that one owes a debt means simply that he is obliged or bound to pay." *McDuffie v. Lynchburg Shoe Co.*, 178 Ala. 268, 59 So. 567.

Debt has been defined as "that which one person is bound to pay to another." 17 C. J. 1373. "Ordinarily the term imports a duty or obligation to pay, for the enforcement of which an action will lie." 17 C. J. 1376.

The word "due" is often used in business transactions as synonymous with "owing" or "remaining unpaid." *Fowler v. Hoffman*, 31 Mich. 215. See annotation Ann. Cases, 1918 E, pages 760-772.

Likewise, the word "due" has often been construed as being synonymous with the word "payable." See Ann.

Cases, 1918 E, page 769. See, also, 19 C. J. 819, 822.

See, also, 8 C. J. 116; 19 C. J. 823; 10 C. J. S. 522, sec. 84; 7 Am. Jur. 847; 1 Daniel, Negotiable Instruments (7th ed.) secs. 36 and 37; *Gay v. Rooke*, 151 Mass. 115, 23 N. E. 835; *Beeching v. Westbrook*, 8 Mees. & Wels. (Eng.) *411; *Smith v. Ice Delivery Co.*, 8 Ga. App. 767, 70 S. E. 195; *Long v. Straus*, 107 Ind. 94, 6 N. E. 123; *Currier v. Lockwood*, 40 Conn. 349; *Hopson v. Brunwankel*, 24 Tex. 607; *Cummings v. Freeman*, 2 Humph. (Tenn.) 143; *Lincoln v. Butler*, 14 Gray (Mass.) 129; *Jacquin v. Warren*, 40 Ill. 459; *Brady v. Chandler*, 31 Mo. 28; *Brewer v. Brewer*, 7 Ga. 584.

"An I. O. U. professes to be the result of an account stated between the parties, and an acknowledgment from the maker that he owes the person to whom he gives it so much money." *Lemear v. Elliott*, 4 L. T. Rep. n. s. 304.

This court has held: "The rendering of an account between parties and agreeing upon the amount due as appearing therefrom will support an action for the balance thereby shown without an express promise to pay." *Hendrix v. Kirkpatrick*, 48 Neb. 670, 67 N. W. 759. "An account stated implies a promise by the debtor to pay the agreed amount of debt owing to the creditor." *In re Estate of Black*, 125 Neb. 75, 249 N. W. 84. See 1 C. J. 699.

The consideration is the settling of the account. 1 C. J. 698; 1 C. J. S. 714, sec. 34.

The law permits a suit on the written instrument, without pleading and proving the original items of indebtedness. *In re Estate of Black, supra; O'Neal v. Patterson*, 206 S. W. (Mo. App.) 596; *Shearer v. Shearer*, 84 Colo. 234, 269 Pac. 19; 1 C. J. 707.

"A promissory note, duebill, or I O U, being an admission of a certain sum due, is *prima facie* evidence of account stated." 1 C. J. 690. See 1 C. J. S. 714, sec. 34.

We conclude that the instrument in suit is an unconditional admission of an existing debt for money only which the defendant is obligated to pay to the plaintiff, and that there is implied in it a valid and legally sufficient consideration and a promise to pay. It follows that it is an "instrument

for the unconditional payment of money only," and that the several demurrers were properly overruled.

Defendant's next contention is that the evidence is insufficient to sustain a recovery. The evidence has been recited herein. It followed the complaint and conformed to it. The defendant made no attempt to deny those facts. The testimony warrants the finding and judgment. No prejudicial error is found.

The judgment of the trial court is

AFFIRMED.