No. 41,466

HENRY P. J. WILSON, *administrator de bonis non* of the Estate of Charles D. Evans, Deceased, *Appellee,* v. R. L. EVANS, *Appellant.*

(345 P. 2d 1002)

Opinion filed November 7, 1959.

*Frank S. Hodge,* of Hutchinson, argued the cause and *Eugene A. White, Robert Y. Jones* and *H. Newlin Reynolds,* all of Hutchinson, were with him on the briefs for the appellant.

*Paul R. Wunsch,* of Kingman, argued the cause, and *Clyde Raleigh,* of Hutchinson, and *Charles H. Stewart,* of Kingman, were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: The plaintiff-appellee brought an action for $110,-000.00 against the defendant-appellant in the trial court based upon the writing set out below:

"R. L. Evans & Son
"Pay Line Holsteins
"R. F. D. #2
"Hutchinson, Kansas
"May 31, 1953

"I owe C. D. Evans $50,000.00 on the Paul Woolfolk loan at Towner, Colo., and $60,000.00 on Gebhardt & Simmons loan at Salina, Kansas.

Signed

"R. L. Evans."

In the petition plaintiff alleged that the above instrument constituted a "writing of indebtedness made, executed and delivered" by the defendant. The action was begun on May 31, 1958, five years from the date of the above writing.

The defendant first demurred to the petition, and after the demurrer had been overruled, answered setting up the affirmative defenses, which may be summarized as: 1. Lack of consideration; 2. the obligation had been subsequently canceled by the obligee; 3. the claim that the indebtedness was barred by the statute of limitations.

These defenses were put in issue by plaintiff's reply.

A jury trial opened with the plaintiff introducing the written contract sued upon and resting. To this the defendant again demurred, and the court overruled the demurrer. The court further ruled that the defendant had the burden of proof in establishing his defenses and should proceed with his evidence.

The defendant introduced little evidence upon his part, but seemed to admit that at the time of the signing of the written instrument sued upon, he owed the antecedent debts and had originally received the money thereon. No evidence was admitted over the objections of plaintiff as to the question of cancellation of the instrument. At the close of defendant's evidence, plaintiff demurred thereto on the ground that defendant had failed to prove his defenses. The court discharged the jury and took the case under advisement, apparently to consider the demurrer to the evi-

dence by both parties. Within due time, the trial court entered judgment for plaintiff, and defendant has appealed.

Plaintiff has raised a preliminary matter by a motion to dismiss based upon the ground that defendant has failed to include in the notice of appeal the order overruling the motion for new trial. The books are full of cases upon this question, and it is clear that such an appeal fails to raise trial errors but that demurrers to the evidence and certain other matters raising only questions of law may be reviewed, if specified in the notice of appeal and specification of errors. Attention is directed to the recent case of *Marshall v. Bailey*, 183 Kan. 310, 327 P. 2d 1034, and other authorities cited.

Without laboring the matter, it would seem the only questions raised in this appeal are whether the court erred in passing upon the two demurrers to the evidence. That question would seem to turn upon the nature of the written instrument set out at the beginning of this opinion.

The learned trial judge in a memorandum held that the written instrument in this case amounted substantially to a nonnegotiable note; that the plaintiff might base his cause of action thereon and that the action begun within five years from the making of the note was not barred by the statute of limitations.

The trial court cited *Miller v. Jones*, 137 Neb. 605, 290 N. W. 467, 127 A. L. R. 646; and the annotation in 127 A. L. R. 650 as being of rather controlling authority. We agree with the trial court.

In the second paragraph of the syllabus of *Miller v. Jones*, supra, it is said:

"An instrument, based upon a business transaction, wherein A states, 'I owe B $1,300,' contains an implied valid and legally sufficient consideration and promise to pay, and is an unconditional admission of an existing debt which obligates A to pay B the stated amount."

It will be noted that the court in the Miller case referred to two sections of the Nebraska statutes which seem to correspond quite closely with our own statutes G. S. 1949, 16-107 and 60-740.

In the first part of the annotation in A. L. R., *supra*, the annotator closes the comment thereon as follows:

"Practically all of the cases found upon the subject under annotation and cited herein uphold the validity and enforceability of an instrument, supported by a sufficient consideration, which states that a specified sum is owed, without expressly promising to pay it."

In discussing actions upon written accounts stated, this court has expressed much of the same reasoning as found in *Miller v. Jones*,

supra, see, *Dolman & Son v. Construction Co.*, 103 Kan. 635, 176 Pac. 145; and *Dettmer v. Fulls*, 122 Kan. 98, 251 Pac. 396.

Likewise the case of *Hirt v. Bucklin State Bank*, 153 Kan. 194, 109 P. 2d 171, would seem to be in accord with the views expressed above.

In *Douglass v. Sargent & Bro.*, 32 Kan. 413, 4 Pac. 861, the court considered a writing quite like the one involved in this case. But the action was barred not having been begun until more than ten years after the making of the instrument.

It would seem that the cases of *Morton v. Leslie*, 150 Kan. 213, 92 P. 2d 90; and *Fairbanks v. Koelling*, 167 Kan. 361, 205 P. 2d 930, are quite distinguishable from the other cases. In neither of these cases did the written memorandum create a new cause of action, and any action begun had to be brought upon the original obligation. A study of the writings involved in each of the cases makes this point quite clear.

We have carefully considered all of the other arguments found in appellant's brief seeking to show error in the trial court's ruling on the demurrers to the evidence, and fail to see any indication of error. Another way of summing up the case would be to recall that the defendant had the burden of showing lack of consideration and further that the cause was barred by the statute of limitations. This he failed to do, and in fact almost proved the opposite of both questions.

No error having been made to appear in the rulings of the trial court, its judgment should be affirmed. It is hereby so ordered.